Maria **MARTINEZ**, Plaintiff-Appellant,

v.

**UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, LOCAL 1373**, Defendant-Appellee.

No. 84–2584.

United States Court of Appeals, Seventh Circuit.

Argued June 13, 1985.

Decided Sept. 6, 1985.

---

John P. Bullman, Ft. Wayne, Ind., for plaintiff-appellant.

Conrad W. Lower, Segal & Macey, Indianapolis, Ind., for defendant-appellee.

Before BAUER and POSNER, Circuit Judges, and SWYGERT, Senior Circuit Judge.

POSNER, Circuit Judge.

The plaintiff, Maria Martinez, brought this suit against the automobile workers union under a provision of Title VII of the Civil Rights Act of 1964 that forbids a union to discriminate on invidious grounds such as race. 42 U.S.C. § 2000e–2(c). She charged that because she is a Mexican-American the union had induced her employer (originally a codefendant, see 42 U.S.C. § 2000e–2(a), but later dropped) to deprive her of her seniority with the company. On the union's motion for summary judgment, the district court entered judgment for the union and dismissed the case on the ground that Miss Martinez's claim was barred by the statute of limitations. She appeals. The union offers as an additional basis for affirmance a ground that it

included in its motion for summary judgment but that the district court did not reach: that Miss Martinez's claim is utterly without merit.

■■■ Title VII provides that if the alleged discrimination occurs in a state that has an agency that can provide a remedy against such discrimination, the victim cannot file a charge with the (federal) Equal Employment Opportunity Commission until 60 days after he begins a proceeding before the state agency, unless the proceeding ends before then. 42 U.S.C. § 2000e–5(c). A state that has such an agency is called a "deferral state," because the EEOC must defer to the state agency for up to 60 days, as we have just seen. A complainant in a deferral state who institutes a proceeding before the relevant state agency has 300 days to file his charge with the EEOC. 42 U.S.C. § 2000e–5(e). In a state that is not a deferral state the complainant has only 180 days. *Id.* The combined effect of sections 2000e–5(c) and (e) is to require the victim of alleged discrimination to file charges with a state agency if he is in a deferral state, and to do so at least 60 days before the 300th day after the alleged discrimination occurred, for if he files later he will not be able to file a charge with the EEOC by the 300th day unless the state agency obligingly terminates the proceeding before then. *Mohasco Corp. v. Silver*, 447 U.S. 807, 814 n. 16, 100 S.Ct. 2486, 2491 n. 16, 65 L.Ed.2d 532 (1980). And if you do not file a timely charge with the EEOC, you cannot bring a suit under Title VII. See 42 U.S.C. § 2000e–5(f)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973) (dictum); *Choate v. Caterpillar Tractor Co.*, 402 F.2d 357, 359 (7th Cir.1968).

As Indiana is a deferral state, Maria Martinez was required to file charges with a state agency, specifically the Fort Wayne Human Relations Commission. See 29 C.F.R. §§ 1601.3(a), 1601.13, 1601.80. Living dangerously, she waited till the 251st day to file, and thus would have been completely out of luck if the Fort Wayne Commission had sat on her complaint for 50 days (251 + 50 = 301). But instead the Commission promptly transferred her complaint to the EEOC, where it was accepted for filing on the 258th day. It might seem that she was home free. She was not. The Fort Wayne Commission had dismissed her complaint and transferred it to the EEOC because she had filed it out of time, being required by Indiana law to file within 90 days. Ind.Code § 22–9–1–3(*o*). The question we must decide is whether her failure to file a timely state charge barred her from making an effective filing with the EEOC, because in a deferral state you cannot file with the EEOC unless "proceedings have been commenced under the State or local law." 42 U.S.C. § 2000e–5(c).

An argument could be made—we shall not have to decide with what force—that if Indiana's statute of limitations were 180 days or more rather than 90 days, Miss Martinez would be barred from bringing this suit by her untimely filing of state charges. The purpose of the longer statute of limitations in deferral states (300 versus 180 days) is to give states an opportunity to remedy problems of discrimination before the federal government gets involved. See *Mohasco Corp. v. Silver, supra*, 447 U.S. at 821, 100 S.Ct. at 2494; 110 Cong.Rec. 13087 (1964) ("we undertook to keep primary, exclusive jurisdiction in the hands of the State commissions for a sufficient period of time to let them work out their own problems at the local level") (remarks of Senator Dirksen). The state was to be given 60 days to act on the victim's complaint before he could go to the EEOC, and during this period the Commission could take no action. See *id.* at 12819 (explanation by Senator Dirksen of changes in bill). This scheme would be disturbed if no sanction were imposed on a victim of alleged discrimination who filed a charge with the state agency that the agency could not consider because the charge was untimely.

It might seem that no one would throw away a free shot at another remedy by deliberately filing an untimely claim, and

hence that a fear of deliberately bypassing state remedies would be unfounded. But this is by no means clear. Suppose the complainant thought the state agency would be unsympathetic, didn't want to waste time and money on a futile proceeding, and in addition feared that the agency's lack of sympathy might be translated into findings of fact adverse to him that might impede his eventual Title VII lawsuit—perhaps block it entirely by operation of the doctrine of collateral estoppel even if the complainant did not seek review of the agency's decision in a state court, see *Buckhalter v. Pepsi-Cola General Bottlers, Inc.,* 768 F.2d 842 (7th Cir.1985). Such a complainant might well decide to bypass the state agency; and for him to be able to do so simply by filing an untimely charge with that agency would be too facile an evasion to be consistent with the statute. One should not be allowed to disregard what the statute requires—that the state have 60 days to consider your claim—by taking a step that ensures a default. The analogy to doctrines of forfeiture in federal habeas corpus proceedings springs to mind. See, e.g., *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

It is true that many cases, compelled by the logic of the Supreme Court's decision in *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), allow an untimely complaint to the state agency to satisfy the parallel requirement in the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 626(d). See, e.g., *Anderson v. Illinois Tool Works, Inc.,* 753 F.2d 622 (7th Cir.1985); *Ciccone v. Textron, Inc.,* 651 F.2d 1 (1st Cir.1981) (per curiam). And the parallel is indeed close; the Age Discrimination in Employment Act has the same 300–180 day distinction between deferral and other states. But there is a difference. The Age Discrimination in Employment Act does not give the states a 60-day period—or any period—in which they have exclusive jurisdiction to consider the charge of discrimination. The complainant must file a charge with the state agency, yes, and he may not sue for 60

days, but he can file his charge with the EEOC at the same time that he files his charge with the state agency; he does not have to give the state agency any interval in which to consider the charge of discrimination. Compare 29 U.S.C. § 633(b) with 42 U.S.C. § 2000e–5(c). The policy of deference to state authority thus is weaker than in Title VII, perhaps reflecting the decline in the ideology of "state's rights" in the turbulent years between 1964 and 1968; perhaps reflecting the lesser controversiality of a statute protecting the rights of the aged passed in 1968 than a statute mainly protecting racial minorities passed in 1964; perhaps reflecting simply a sense that older people should be entitled to faster procedures for vindicating claims of employment discrimination because they have fewer working years ahead of them than other people. The last point was made in *Oscar Mayer & Co. v. Evans, supra,* 441 U.S. at 757, 99 S.Ct. at 2072, though on the basis of a comment by Senator Javits actually addressed to a different issue. See 113 Cong.Rec. 7076 (1967).

█ Notwithstanding the distinction just suggested, four of our sister circuits have held that untimely filings with state agencies satisfy the requirements of Title VII just as they do those of the Age Discrimination in Employment Act. See *Thomas v. Florida Power & Light Co.,* 764 F.2d 768, 771 (11th Cir.1985); *Howze v. Jones & Laughlin Steel Corp.,* 750 F.2d 1208, 1210–11 (3d Cir.1984); *Smith v. Oral Roberts Evangelistic Ass'n, Inc.,* 731 F.2d 684, 688–90 (10th Cir.1984); *Rasimas v. Michigan Dept. of Mental Health,* 714 F.2d 614, 620–22 (6th Cir.1983); *Jones v. Airco Carbide Chemical Co.,* 691 F.2d 1200, 1202–04 (6th Cir.1982); *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748, 750–52 (3d Cir.1983) (dictum). This is also the EEOC's view, see 29 C.F.R. § 1601.13(a)(3), to which we are bound to give substantial weight, see, e.g., *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* —— U.S. ——, 104 S.Ct. 2778, 2783, 81 L.Ed.2d 694 (1984). But this court has not yet spoken to the question,

and for the reasons just stated we are not yet prepared to conclude that the question must be answered the same way under the two statutes. We need not make up our mind in this case, however. If failure to file timely charges with the state agency is to preclude filing of a charge with the EEOC and a later suit in court if the EEOC does not take action, the state must allow the complainant at least as much time to file a charge with the state agency as he would have to file a charge with the EEOC in a state that is not a deferral state—180 days.

Congress made clear by the adoption of this statute of limitations that a victim of an alleged discrimination ought to have this much time to file his first charge. It would be inconsistent with the 180-day period that Congress allowed for filing a charge in a nondeferral state for a deferral state to say, you must file a charge with our anti-discrimination agency within one day—and if you fail, you are forever barred from pursuing your federal remedies against the discrimination. Cf. 110 Cong.Rec. 7216 (1964) (remarks of Senator Clark, floor manager). Of course we have chosen an extreme example. The State of Indiana has not set a one-day deadline, but a 90-day deadline. Nevertheless this is only half the period that a complainant has in a nondeferral state. True, he has an extra remedy in a deferral state, the remedy that the state provides. But he pays a big price for the extra remedy—which, being compulsory, is burden as well as opportunity—if he has only half of what is anyway a short period (though one widely accepted for all manner of legal claims growing out of the employment relationship, see, e.g., *Smith v. City of Chicago*, 769 F.2d 408, 411–13 (7th Cir.1985)) in which to pursue that remedy, on pain of being barred from all remedies if he exceeds the limitations period.

It would be nice if Congress had legislated expressly on the subject of filing deadlines in deferral states; perhaps some day it will do so. Pending that day we think the best interpretation of Title VII is that, in a state that has an administrative statute of limitations shorter than 180 days, a timely filing is not required to preserve one's federal rights. The cases we cited earlier which hold that a timely filing is not required do not discuss the distinction we have just suggested between states that have a statute of limitations shorter than 180 days and states that have a longer statute of limitations, although in *Thomas*, *Smith*, and *Jones* the state statute of limitations was in fact 180 days (in *Rasimas* and *Kocian* it was 90 days, and in *Howze* the number of days is not indicated).

It might be argued that since Miss Martinez filed her state charge more than 180 days after the alleged discrimination, she ought not be heard to complain that the state should have allowed her 180 days to file. But once she missed the 90-day deadline there was no point in her filing until just before the 240th day (filing later than that risked being pushed over the 300-day limit for filing with the EEOC by the provision that requires the complainant to wait 60 days after filing with the state agency unless the agency happens to terminate the proceeding sooner, as it did here). She could get nothing out of the state by filing on the 180th day. Why force a complainant to make an idle gesture? Granted, filing by the 240th day is an idle gesture, too, if the filing is untimely when filed so late. But Title VII says you must file with the EEOC within 300 days in deferral states; and it would be an awfully bold judicial rewriting of statutes, from which we shrink, to say that if you miss an invalid state deadline (because tighter than 180 days) you needn't file with the state agency at all, though Title VII unequivocally so requires. Maybe such rewriting would be justified by the utter futility of filing a complaint on which the state agency cannot act, although this position was rejected in *Kocian v. Getty Refining & Marketing Co., supra*, 707 F.2d at 750–52; but this case provides no occasion for resolving that issue, since Miss Martinez did file with the EEOC within 300 days. We hold only that she was not barred by having filed her

state claim after a state deadline of only 90 days had passed.

 So the district court erred in dismissing her suit on statute of limitations grounds but we must consider the union's alternative ground for affirmance—that the suit is so clearly meritless that we should order it dismissed even if it is timely. Miss Martinez is of course wrong to argue that we cannot affirm on a ground not passed on by the district judge. We can affirm on any ground that the record fairly supports and the appellee has not waived. *Pfeil v. Rogers,* 757 F.2d 850, 866 (7th Cir.1985); *Liberles v. County of Cook,* 709 F.2d 1122, 1130 (7th Cir.1983). A contrary rule would simply multiply proceedings in district courts and appeals to courts of appeals. Nevertheless we decline to affirm in this case without benefit of the district court's views.

It is true that since a summary judgment proceeding is purely documentary, we have the same record before us as the district judge will have before him when he rules on the union's alternative ground, which is that, with discovery complete, it is apparent that there is no triable issue of discrimination. Although *Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985), holds that the clearly erroneous rule of Fed.R.Civ.P. 52(a) applies with full force to findings of fact based on documentary evidence, as well as those based on live testimony and hence on determinations of credibility, the question whether there is an issue for trial is not a factual issue; it is a legal issue. And we have upheld summary judgment for defendants in Title VII cases. See, e.g., *Mason v. Continental Illinois Nat'l Bank,* 704 F.2d 361 (7th Cir.1983). But without benefit of the district court's views we are reluctant to conclude that Miss Martinez has failed to raise a genuine issue of material fact, Fed.R.Civ.P. 56(c), and we therefore vacate the district court's judgment and remand the case for further proceedings consistent with this opinion.

Vacated and Remanded.