**Michael Thomas FLAGG, Plaintiff,**

v.

**The ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, et al., Defendants.**

No. 84 C 10972.

United States District Court, N.D. Illinois, E.D.

Dec. 18, 1985.

Llwellyn L. Greene-Thapedi, Chicago, Ill., for plaintiff.

John J. Fleps, Ronald A. Lane, Barbara J. Barr, Chicago, Ill., for The Atchison, Topeka and Santa Fe, Ry., defendants.

## MEMORANDUM OPINION AND ORDER

DECKER, District Judge.

The plaintiff, Michael Thomas Flagg (Flagg), brought this action under Title VII of the Civil Rights Act of 1964 against the Atchison, Topeka, and Sante Fe Railway Co. (the "Railroad"), and two of its employees, James Holmes (Holmes), and Fred Batliner (Batliner). Flagg, who is black, claims his discharge from the Railroad's employ was racially motivated. The case is before the court on the defendants' motion for summary judgment.[1]

## I. *Factual Background*

Plaintiff was employed by the Railroad from April of 1973 until April 4, 1983, at which time he was discharged by Batliner, the Railroad's Manager of Office Administration. The formal letter of termination stated that plaintiff was discharged due to an excessive accumulation of demerits in his personnel file. *See* Batliner Affidavit. These demerits were based on plaintiff's excessive tardiness.

On September 30, 1983, plaintiff visited the Chicago District Office of the United States Equal Employment Opportunity Commission (EEOC). At that time, he partially completed an intake questionnaire. Therein, plaintiff baldly alleged that the Railroad had discriminated against him. Plaintiff left unanswered, however, questions concerning the specifics of his charge and the harm he suffered. *See* Exhibit "A" to Plaintiff's Reply Memorandum. While plaintiff claims he included such information, the form itself, does not so indicate. *Id.*

On October 20, 1983, plaintiff returned to the EEOC and signed a "Charge of Discrimination," which detailed his claim against the Railroad. On or about October 24, 1983, the EEOC referred plaintiff's charge to the Illinois Department of Human Rights (IDHR), pursuant to Paragraph 10 of their Work Sharing Agreement. *See* Affidavit of Charles Burtner appended as Exhibit "B" to Plaintiff's Response to Defendant's Reply Memorandum. In accordance with the Work Sharing Agreement, the IDHR declined to process plaintiff's charge, whereupon the EEOC assumed jurisdiction. *Id.* On September 28, 1984, the EEOC issued plaintiff a Right to Sue Letter because its investigation revealed no reasonable cause to believe plaintiff's charges were true. On December 28, 1984, plaintiff commenced this action.

## II. *Discussion*

The defendants argue for summary judgment on grounds that plaintiff failed to

---

**1.** The court may not grant summary judgment unless, looking only to the parties' submissions of admissible evidence, it finds no genuine issue as to any material fact and the movant is enti-

tled to judgment as a matter of law. *See International Administrators, Inc. v. Life Insurance Co. of North America,* 753 F.2d 1373, 1378 (7th Cir.1985).

satisfy the requirements of Sections 706(c) and 706(e) of Title VII. Under Section 706(c), if the alleged discrimination occurs in a state that has an agency authorized to provide a remedy therefor, the claimant must initiate proceedings with the state agency before filing a charge with the EEOC. Illinois is such a "deferral state," and the IDHR is the appropriate state agency. *See e.g. Anderson v. Illinois Tool Works, Inc.*, 753 F.2d 622 (7th Cir.1985). Section 706(e) requires that a claimant who institutes proceedings before the appropriate state agency file his EEOC charge within 300 days of the discriminatory action, or within 30 days after receiving notice that the state agency has terminated its proceedings, whichever is earlier. Thus, Sections 706(c) and 706(e) reflect the policy that the state should be given an initial opportunity to resolve discrimination claims before the federal government becomes involved. The defendants contend that plaintiff did not timely institute proceedings with IDHR and therefore has not complied with the exhaustion requirement of Section 706(c) or the filing requirement of Section 706(e).

█ Initially, the court must clear up some confusion among the parties as to the requirements of Section 706(e). Both sides apparently harbor the misguided conception that a claimant in a deferral state who files his charge with the EEOC within 180 days, need not file a charge with the appropriate state agency as required by Section 706(c). This is incorrect. *See e.g. Abshire v. Chicago and Eastern Illinois R. Co.*, 352 F.Supp. 601, 605 (N.D.Ill.1972). The 180 day filing period provided in Section 706(e) applies only in non-deferral states. A claimant in a deferral state must institute a state proceeding and file with the EEOC within 30 days after that proceeding ends, or within 300 days of the discriminatory action, whichever is earlier. *Martinez*

*v. United Automobile, Aerospace & Agricultural Implement Workers of America, Local 1373*, 772 F.2d 348, 350 (7th Cir. 1985).[2] In sum, Sections 706(c) and 706(e), as applicable in this case, required that the plaintiff institute proceedings with the IDHR and file his EEOC charge within 300 days of his discharge.

█ It is agreed that plaintiff filed his EEOC charge within 300 days. The only question, then, is whether the plaintiff instituted proceedings with IDHR. It is undisputed that plaintiff never formally filed charges with the IDHR. The EEOC, however, transmitted plaintiff's charge to IDHR as part of the Work Sharing Agreement between the two agencies. The IDHR waived its right to proceed on plaintiff's charge pursuant to the Work Sharing Agreement. *See* Burtner Affidavit at ¶ 3. The court must decide whether the EEOC's referral of plaintiff's charge to the IDHR satisfies the requirements of Sections 706(c) and 706(e).

*Love v. Pullman Co.*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), is instructive in this regard. In *Love*, the plaintiff sent a "letter of inquiry" to the EEOC complaining of employment discrimination. The EEOC treated the letter as a complaint, but did not immediately file it. Rather, the EEOC orally advised the Colorado Civil Rights Commission (Civil Rights Commission) of the complaint. The Civil Rights Commission formally waived its right to investigate the complaint and the EEOC proceeded with its investigation. The Supreme Court reviewed this procedure and held that it satisfied the exhaustion requirement of Section 706(b) (now 706(c)) and the filing requirement of Section 706(d) (now 706(e) as amended) of the Title VII. Specifically, the Court held that a claimant need not personally file a charge with the appropriate state agency. A referral by the EEOC is sufficient. The

2. Technically, the EEOC lacks jurisdiction over a charge which, while submitted to it, has never been filed with the appropriate state agency. Therefore, such a charge is not "filed" with the EEOC until such time as the state agency has exercised its jurisdiction. *Mohasco Corp. v. Silver*, 447 U.S. 807, 817, 100 S.Ct. 2486, 2492, 65

L.Ed.2d 532 (1980). Plaintiff's charge, therefore, was filed on or about October 24, 1983, the time at which the IDHR waived its right to investigate the charge and the EEOC assumed jurisdiction. Thus, plaintiff filed his EEOC charge well within the 300 day filing period provided in Section 706(e).

Court also held that the Civil Rights Commission's apparently cursory consideration of the charge satisfied the exhaustion requirement of Section 706(b) (now 706(c)), and its underlying policy that the state should be given an initial opportunity to resolve discrimination complaints. *Id.* at 526, 92 S.Ct. at 618. Under *Love,* plaintiff's failure to personally file a charge with the IDHR is not fatal. The EEOC's referral is sufficient. The more difficult question is whether the *pro forma* referral of plaintiff's charge to the IDHR pursuant to the Work Sharing Agreement satisfies the requirements of Sections 706(c) and 706(e). *Love* does not directly address this question. However, in *Love,* the Civil Rights Commission waived its right to investigate the complaint a mere nine days after it was received by the EEOC. The court suspects that the Civil Rights Commission gave no more than cursory attention to the charge. The Supreme Court found this to be sufficient. Thus, *Love* is analogous to this case inasmuch as the state agency in both cases afforded the complaint only minimal scrutiny. *Love,* then, indicates that such minimal scrutiny satisfies the requirements of Sections 706(c) and 706(e) and their underlying policy that the state be afforded an initial *opportunity* to investigate discrimination charges. The fact that the IDHR declined the opportunity to act on plaintiff's charge pursuant to a formal agreement with the EEOC should not change this result. *See Zewde v. Elgin Community College,* 601 F.Supp. 1237, 1240–1241 (N.D.Ill.1984).

The defendants direct the court to *Lopez v. Sears, Roebuck and Co.,* 493 F.Supp. 801 (D.Md.1980). *Lopez* held that an informational referral by the EEOC to the appropriate state agency pursuant to a work sharing agreement did not constitute an "institution of proceedings" under Section 706(e) because there was no intent that the state agency would process the charge. Admittedly, the facts of the instant case and *Lopez* are quite similar. This court is of the opinion, however, that the IDHR's formal agreement with the EEOC waiving its right to investigate plaintiff's charges does not alter the fact that the IDHR had an initial *opportunity* to do so.

Further, *Lopez* does not discuss *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979), in which the Supreme Court analogized the exhaustion requirements of the Age Discrimination in Employment Act (ADEA) and Title VII and held that the ADEA's exhaustion requirement was satisfied even though the state proceedings were not commenced within the relevant state statute of limitations and it was, therefore, highly unlikely that the state would afford any relief. The Supreme Court explained that, "Individuals should not be penalized if States decline, for whatever reason, to take advantage of ... opportunities [to investigate discrimination charges]." *Id.* at 761, 99 S.Ct. at 2074. *See also accord Anderson,* 753 F.2d at 625. The instant case and *Lopez* are similar to *Oscar Mayer* in that, in all three cases, it was highly unlikely that the appropriate state agency would take any action. *Accord Pastrana v. Federal Mogul Corp.,* 683 F.2d 236, 239 (7th Cir.1982) (Section 706(e) of Title VII does not require that the state agency actively review or consider the claimant's charge). In sum, the court is not convinced by the reasoning in *Lopez,* and therefore declines to follow it.[3]

■ Finally, the defendants argue that plaintiff's complaint should be dismissed because the EEOC's referral of his charge to the IDHR was untimely under the Ill. Rev.Stat., ch. 68, § 7–102(A)(1) (1983),

---

**3.** Defendants also cite *Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105 (7th Cir.1984). In *Stearns,* the Seventh Circuit, in *dicta,* commented that a purely informational referral of a charge may be inadequate under Section 626(d) of the ADEA which requires that the claimant file a charge with the EEOC before commencing a suit in federal court. In *Stearns,* a state agency referred the charge to the EEOC which declined to investigate it. The court held that such a referral satisfied the exhaustion requirement of Section 626(d) of the ADEA. The court also noted that the ADEA is "humanitarian legislation" and should not be construed in a hypertechnical manner. The Supreme Court has described Title VII in similar terms. *See Love,* 404 U.S. at 527, 92 S.Ct. at 619. The court is convinced that, when squarely faced with this question, the Seventh Circuit will reach a like result.

which requires that such charges be filed within 180 days. Defendants argue that an untimely filing is a nullity.

In *Martinez*, the Seventh Circuit, in *dicta*, looked favorably upon this argument. *Martinez*, 772 F.2d at 350–352.[4] The Seventh Circuit recognized, however, that it and the Supreme Court had rejected this interpretation of a parallel provision of the ADEA. *See Anderson*, 753 F.2d at 625; *Oscar Mayer*, 441 U.S. at 759–765, 99 S.Ct. at 2073–2076. The court also noted that four other circuits have held that an untimely filing with a state agency satisfies the requirements of Title VII. *Martinez*, 772 F.2d at 351 (collecting cases). The Seventh Circuit also recognized that the EEOC's regulations, which must be accorded substantial weight, allow charges to be filed with the EEOC that were filed in an untimely manner with the state. *See* 29 C.F.R. § 1601.13 (1983). Further, this court finds the *dicta* in *Martinez* distinguishing the exhaustion requirements of the ADEA and Title VII strained and hypertechnical. *Cf. Oscar Mayer*, 441 U.S. at 756, 99 S.Ct. at 2071 (analogizing the exhaustion requirements of the ADEA and Title VII). Until the Seventh Circuit directly addresses this issue, this court is inclined to follow the reasoning and the weight of other authority.

The court concludes that the plaintiff instituted proceedings with the IDHR within the meaning of Section 706(c) and 706(e), and has timely filed his charges with the EEOC.

## III. *Conclusion*

For the foregoing reasons, defendants' motion to dismiss plaintiff's complaint is denied.

(Judge Shadur, in *dicta*, argues that a claimant must timely file with the state agency).