Catherine E. GRUDOWSKI, Plaintiff,

v.

**BUTLER PAPER COMPANY,
Defendant.**

**Civ. No. F 87–16.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Sept. 2, 1987.

Steven L. Jackson, Miller, Grotrian, Stewart & Jackson, Stephen J. Lerch, Levine & Lerch, Fort Wayne, Ind., for plaintiff.

F.L. Dennis Logan, T. Russell Strunk, Jr., Rothberg, Gallmeyer, Fruechtenicht & Logan, Fort Wayne, Ind., James S. Cunning, Ice, Miller, Donadio & Ryan, Indianapolis, Ind., for defendant.

## ORDER

WILLIAM C. LEE, District Judge.

The defendant has filed a motion to dismiss in part, or in the alternative, a motion for partial summary judgment. The motion only attacks the Title VII portion of the plaintiff's complaint and does not affect the plaintiff's Equal Pay Act claim. Both parties have supplied excellent briefs supporting their positions. For the following reasons, the defendant's motion for partial summary judgment is granted.

### I

### *Summary Judgment Standards*

The defendant has styled this motion as a motion to dismiss in part (pursuant to Rule 12(b)(6)), or in the alternative, as a motion for partial summary judgment. Rule 12(b) of the Federal Rules of Civil Procedure provides that motions to dismiss for failure to state a claim may be treated as motions for summary judgment when matters outside of the pleadings are presented to and not excluded by the court. Both sides have presented matters outside of the pleadings. The plaintiff does not object to the court treating this motion as a motion for summary judgment. Furthermore, both parties agree on the facts so that the court is presented with a purely legal issue. Accordingly, the motion will be treated as a motion for partial summary judgment and the matters which have been submitted which are outside of the pleadings shall be considered.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ. P. 56(c). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the nonmoving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* 106 S.Ct. at 2512; *Valentine v. Joliet Tp. High School Dist. No. 204,* 802 F.2d 981, 986 (7th Cir.1986).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to

interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact. *Celotex*, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson*, 106 S.Ct. at 2511.

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Id.* at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 106 S.Ct. at 2512.

## II

### *Factual Background*

Plaintiff Catherine E. Grudowski has been an employee of defendant Butler Pa-

per Company since 1970. Since January of 1970, the plaintiff has been a sales representative. The defendant sought a new sales representative to develop new accounts and existing accounts in an existing territory in Ohio and Indiana. The plaintiff expressed an interest in being the sales representative in this territory, but the defendant hired a male to whom the accounts were assigned. On April 9, 1985, the plaintiff was told that she had not been given the accounts.

The plaintiff filed a charge of discrimination on January 31, 1986 with the Fort Wayne Metropolitan Human Relations Commission (FWMHRC), alleging discrimination based on sex and unequal pay. The charge was transmitted to the Equal Employment Opportunity Commission (EEOC) and was received by the EEOC on February 10, 1986, 307 days after the last discriminatory act (April 9, 1985). On January 22, 1987, the plaintiff filed a complaint in this court with an attached copy of a Notice of right to sue by the EEOC.

## III

### *Legal Issues*
### A.

### *Timeliness of EEOC Filing*

■ The charge of discrimination was filed with the FWMHRC on January 31, 1986, 297 days after the last discriminatory act (April 9, 1985).[1] The charge of discrimination was then transmitted to the EEOC. The transmittal form was received by the EEOC on February 10, 1986, 307 days after the last discriminatory act. In deferral states such as Indiana, charges of discrimination must be "filed" with the EEOC within 300 days after the alleged unlawful employment practice occurred. Under Title VII, the timely filing of an EEOC charge is a prerequisite to bringing suit.

---

**1.** The charge of discrimination was not timely filed with the FWMHRC. Indiana law requires that charges of discrimination be filed "within ninety (90) days from the date of the occurrence of the alleged discriminatory practice...." I.C. § 22–9–1–3(*o*) (1986). However, the untimely filing of a charge with the FWMHRC does not

prevent a timely filing with the EEOC; a filing within 300 days after the alleged unlawful employment practice is timely filed with the EEOC even if the state's 90 day deadline has been missed. *Martinez v. United Auto., Aerospace & Agr.*, 772 F.2d 348, 352 (7th Cir.1985).

*Martinez v. United Automobile, Aerospace & Agricultural Implement Workers of America*, 772 F.2d 348, 350 (7th Cir. 1985). Thus, if the charge was "filed" with the EEOC upon receipt as the defendant argues, the charge was not timely filed and the plaintiff's Title VII claim is barred by the 300 day filing requirement. If, however, the charge was "filed" with the EEOC when it was received by the FWMHRC (or more accurately "waived" and transmitted to the EEOC) on January 31, 1986, as the plaintiff argues, then it was timely filed with the EEOC.

The defendant points to 29 C.F.R. § 1601.13(a)(3), which provides that charges which are not timely filed with a 706 Agency (such as the FWMHRC) are filed with the EEOC upon receipt and are timely filed with the EEOC if received within 300 days from the date of the alleged violation.[2] The plaintiff concedes that the charge would be untimely if 29 C.F.R. § 1601.13(a)(3) governed this case, but argues that 29 C.F.R. § 1601.13(a)(3) is inapplicable and that 29 C.F.R. § 1601.13(b)(1)[3] governs this case. Under 29 C.F.R. § 1601.13(b)(1), the charge is deemed to be filed with the EEOC upon the earliest of three events, one of which is waiver of the 706 Agency's *right to exclusively process the charge*. The plaintiff argues that the FWMHRC waived its right to exclusively process the charge on January 31, 1986, so that the charge was timely filed on that date, three days before the expiration of the 300 day limit.

As the defendant points out, the plaintiff's position that 29 C.F.R. § 1601.13(b)(1) applies and that the FWMHRC waived its right to exclusively process the charge necessarily implies that the FWMHRC can "waive its right" even when the charge was untimely filed. It is undisputed that the charge was presented to the FWMHRC 297 days after the last discriminatory act. As noted earlier, the presentation of the charge to the FWMHRC was untimely because it was not filed within 90 days. *See* I.C. § 22–9–1–3(*o*) (1986). Thus, for this section of the Code of Federal Regulations to apply, the court would have to conclude that the FWMHRC can have an *exclusive right to process a charge which is untimely*.

This conclusion would make little sense and would undermine the purpose of the deferral process. The EEOC compliance manual states that § 706 agencies have no jurisdiction over chages that are untimely under state and local statutes. EEOC Compliance Manual, § 5.4(d)(1), ¶ 284. The deferral provisions were included to encourage state and local agencies to resolve civil rights disputes. *EEOC v. Commercial Office Products Co.*, 803 F.2d 581, 588 (10th Cir.1986). They were also included to prevent premature federal intervention. *Id. See also Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979) ("Congress intended through § 706(c) to screen from federal courts those problems of civil rights that could be settled to the satisfaction of the grievant in a 'voluntary and localized manner.'"). The deferral requirement of § 706(c) (*see* 42 U.S.C. § 2000e–5(c)) accom-

---

**2.** The regulation which the defendant relies upon, 29 C.F.R. § 1601.13(a)(3) states:

(a) initial presentation of a charge to the Commission.

\* \* \* \* \* \*

(3) Charges arising in jurisdictions having a 706 Agency but which charges are apparently untimely under the applicable state or local statute of limitations are filed with the Commission upon receipt. Such charges are timely filed if received by the Commission within 300 days from the date of the alleged violation. Copies of all such charges will be forwarded to the appropriate 706 Agency.

**3.** The regulation which the plaintiff relies upon, 29 C.F.R. § 1601.13(b)(1) states:

(b) Initial presentation of a charge to a 706 Agency. (1) When a charge is initially presented to a 706 Agency and the charging party requests that the charge be presented to the Commission, the charge will be deemed to be filed with the Commission upon expiration of 60 (or where appropriate, 120) days after a written and signed statement of facts upon which the charge is based was sent to the 706 Agency by registered mail or was otherwise received by the 706 Agency, or upon the termination of 706 Agency proceedings, or upon waiver of the 706 Agency's right to exclusively process the charge, whichever is earliest. Such filing is timely if effected within 300 days from the date of the alleged violation.

plishes these purposes by prohibiting federal action until 60 days have passed or until the state has "conducted and concluded proceedings" in a shorter period." *Commercial Office,* 803 F.2d at 588.[4] "The deferral period can be shortened only if the state takes final and unequivocal action commencing and terminating proceedings on the charge prior to to expiration of sixty days...." *Id.* at 589.

In this case, the plaintiff waited until the 297th day to give the state an opportunity to process her claim. Even if the statute had not run and the FWMHRC had been entitled to proceed, only three days were left for the charge to be filed with the EEOC. That is hardly enough time for the FWMHRC to be able to meaningfully process a claim. Allowing the plaintiff's claim to go forward as timely filed with the EEOC would make a mockery of the deferral system. The state would certainly not be encouraged to resolve civil rights disputes and the policy of preventing premature federal intervention would not be served. As the Court said in *Mohasco Corp. v. Silver,* 447 U.S. 807, 821, 100 S.Ct. 2486, 2495, 65 L.Ed.2d 532 (1980), the "statutory plan was not designed to give the worker in a deferral state the option of choosing between his state remedy and his federal remedy, nor indeed to allow him additional time in which to obtain state relief." Clearly, the FWMHRC did not waive its right, in any meaningful sense, to exclusively process the plaintiff's charge.

The provision of the Code of Federal Regulations which applies in this case is 29 C.F.R. § 1601.13(a)(3).[5] Since the charge was untimely filed with the FWMHRC it is deemed (by the regulation) to have been initially presented to the EEOC and was filed upon receipt by the EEOC (*see* 29 C.F.R. § 1601.13(a)(3)) on February 10, 1986, some 307 days after the last discriminatory act. The charge was therefore not timely filed with the EEOC and the plain-

tiff's Title VII claim is subject to summary judgment.

### B.

#### *Agency*

■ The plaintiff argues, in the alternative, that the FWMHRC is an agent of the EEOC so that filing with the FWMHRC is, as a matter of law, filing with the EEOC. The worksharing arrangement, the plaintiff contends, provides for this agency relationship. The court notes that this argument really has two prongs: the FWMHRC is the agent of the EEOC for filing purposes and, most importantly in this case, a claim is filed with the EEOC at the same time it is filed with the FWMHRC. Of course, the second prong of the argument is the crucial one, since the only real dispute in this case is when the charge was filed with the EEOC and not whether the charge was filed with the EEOC.

The plaintiff's argument cannot succeed for a number of reasons. First, it would nullify the regulatory and statutory timing scheme in deferral states. Under 29 C.F.R. § 1601.13(a)(3), a claim which is untimely filed with a state agency is deemed filed with the EEOC upon receipt. "Workshare agreements cannot serve as a substitute for deferral." *EEOC v. Commercial Office Products Co.,* 803 F.2d 581, 589 (10th Cir.1986). If the plaintiff's argument was accepted, all claims, timely and untimely, would be deemed filed with the EEOC at the same time they are filed with the state agency.

Not only would this change the regulatory timing periods, it would also change the statutory timing. In deferral states, the victim of alleged discrimination cannot file a charge with the EEOC until 60 days after he begins a proceeding before a state agency, unless the state proceeding ends before then. 42 U.S.C. § 2000e–5(c). The complainant then has 300 days from the date of the discriminatory act to file his

---

4. The provisions of the regulations referred to by the parties should work in harmony with § 706(c). The regulations themselves repeatedly refer to § 706 and should not be construed inconsistently.

5. The EEOC's *"Notice of Filing* (Timeliness)" indicates that the charge was filed upon receipt, pursuant to § 1601.13(a)(3).

charge with the EEOC. 42 U.S.C. § 2000e–5(e). Together, sections 2000e–5(c) and (e) require victims to file charges 60 days before the 300th day after the alleged discrimination, for if he files later he will not be able to file charges with the EEOC, unless the state obligingly terminates the proceedings before then (assuming the state has the exclusive right to process the claim). *See Mohasco,* 447 U.S. at 814 n. 16, 100 S.Ct. at 2491 n. 16. If the plaintiff's agency argument was adopted, the holding in *Mohasco,* as well as the statutory scheme, would be nullified as the complainant could file EEOC charges any time (before or after the state deadline) simply by filing with the state agency. Clearly, this result would undermine the purpose of the statutory scheme, that is, giving the states an opportunity to remedy problems before the federal government gets involved.

While the plaintiff did not cite any cases in support of her agency argument, the court has located a significant number of cases in which agency principles were employed in the context of Title VII and ADEA filing requirements. *See, e.g., Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105, 1113–14 (7th Cir.1984), and cases cited therein, and *Williams v. Washington Metro. Area Transit Auth.,* 721 F.2d 1412, 1415–16 (D.C.Cir.1983), and cases cited therein.[6] These cases, however, deal only with the first prong of the plaintiff's argument in this case; namely, that one agency may be the agent of another for purposes of filing. They do not stand for the proposition that a charge is filed with one agency at the same time at which it is filed with another agency. The plaintiff's agency argument cannot, therefore,

be used to transform an untimely claim with the EEOC into a timely claim.

### C.

#### Equitable Tolling

The court has concluded that the filing requirements for Title VII have not been satisfied. By waiting until the 297th day to file her charge with the FWMHRC, the plaintiff missed the state's 90 day deadline, effectively foreclosing meaningful state review. It was only through the prompt transmission of the charge to the EEOC by the FWMHRC that the charge was filed with the EEOC on the 307th day, still seven days after the 300 day deadline. The plaintiff makes the point that the 300 day limit is a requirement like a statute of limitations, not jurisdictional in nature, which is subject to equitable tolling, estoppel, and waiver. The plaintiff's point is well taken; when equity so requires and the purpose of the 300 day deadline (giving prompt notice to the employer) is not negated, the statute may be tolled. *See Zipes v. Transworld Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

Title VII's filing requirements, however, should not be taken lightly. "[R]estrictions on equitable tolling ... must be scrupulously observed." *Kocian v. Getty Refining & Marketing Co.,* 707 F.2d 748, 753 (3d Cir.1983), quoting *School District v. Marshall,* 657 F.2d 16, 19 (3d Cir.1981). As the Supreme Court has said, whatever the merits of a particular case, "experience teaches us that *strict adherence* to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco,* 447 U.S. at 826, 100 S.Ct. at 2497 (emphasis added).

---

**6.** Many of these cases follow the reasoning in *Love v. Pullman,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). In *Love,* the Supreme Court rejected the claim that it was improper for a victim of race discrimination to file first with the EEOC and to rely on the Commission to file with the appropriate state agency, and then to allow the EEOC to formally file again with itself when the deferral period elapsed. The Court saw no reason to require an aggrieved person to file with the state and then to file with the EEOC. The Court observed that "such

technicalities are particularly inappropriate in a statutory scheme in which laymen ... initiate the process." *Id.* at 527, 92 S.Ct. at 619. Relying on this reasoning, these cases have recognized agency relationships, either where a state agency acts as agent for the EEOC or when the EEOC acts as agent for the state agency. These cases, however, do not alter the time of filing or the timing requirements. The plaintiff would extend this line of cases too far, so that the deferral process would be nullified.

With these principles in mind, equitable tolling may be appropriate if: (1) the defendant has actively misled the plaintiff; (2) the plaintiff has in some "extraordinary way" been prevented from exerting her rights; or (3) the plaintiff has timely asserted her rights in the wrong forum. *Kocian*, 707 F.2d at 753. In this case, there is no claim that the plaintiff has been prevented from exercising her rights or that the plaintiff timely asserted her rights in the wrong forum. The plaintiff untimely asserted her rights in the right forum, the FWMHRC. That she filed her claim with the FWMHRC on the 297th day is not to say that she simply asserted her rights untimely in the wrong forum; in deferral states one cannot assert rights with the EEOC until after they have been asserted with the state agency. *See* 42 U.S.C. § 2000e–5(c); *Martinez*, 772 F.2d at 350. Thus, had the plaintiff simply gone straight to the EEOC on the 297th day she could not have filed her claim because she would have omitted filing with the state agency.

The only basis left for tolling, and indeed, the one which the plaintiff's argument best fits into, is that "the defendant has actively misled the plaintiff." *Kocian*, 707 F.2d at 753. While the *Kocian* case refers to the "defendant's" conduct the court considered the conduct of an EEOC employee in determining whether the filing requirement should be tolled. *Id.* at 753–54. In this case, the plaintiff argues that an employee of the FWMHRC told her, when she filed the charge on the 297th day, that there was nothing further which she needed to do. (Affidavit of Grudowski). She also argues that had she realized that the charge would not be filed with the EEOC within 300 days she could have personally hand carried her charge to the Indianapolis EEOC office for filing. The plaintiff also argues that the workshare agreement provides that charges will be forwarded to the other agency (the EEOC) within 48 hours or as soon as practicable, and that the charge would have timely been filed with the EEOC had the FWMHRC forwarded it within 48 hours.

These arguments, while not without merit, do not justify equitable tolling. First,

the FWMHRC employee did not "actively" mislead the plaintiff. In the normal situation, what the employee told the plaintiff was accurate; indeed, had the plaintiff not waited until the 297th day to file the charge with the FWMHRC, there would be nothing further for her to do. For example, if the plaintiff had filed the charge with the FWMHRC on the 290th day (still very late), it would have been received by the EEOC on the 300th day. In that case, there would be nothing further for the plaintiff to do.

To look at it another way, what the plaintiff is really arguing, is that had she known that the FWMHRC would not transfer her charge for filing to the EEOC within three days, she would have taken it to the EEOC and filed it herself. That assumes that her filing (on the 297th, 298th, 299th, or 300th day) with the EEOC would have been timely. In essence, she would have bypassed the state agency altogether, or would have had it rubber stamp her charge, in order to file with the EEOC within 300 days. She would take advantage of the 300 day deferred deadline (as opposed to the normal 180 day deadline) with the EEOC without ever deferring to the state in any meaningful sense. But in doing this the purpose of the longer 300 day statute, the purpose of giving states an opportunity to remedy problems before the federal government gets involved, *see Martinez*, 772 F.2d at 350, would be trivialized. As the *Martinez* court stated, the deferral scheme would be disturbed "if no sanction were imposed on a victim of alleged discrimination who filed a charge with the state agency that the agency could not consider...." *Id.* at 350.

It could be argued that *Martinez* allows potential litigants to take advantage of the 300 day deadline without giving the state a meaningful opportunity to review a charge of discrimination, since the court in *Martinez* held that a timely filing with the state agency is not necessary to preserve federal rights. As this argument would go, Grudowski could show up at the FWMHRC on the 297th day, get her charge rubber-stamped and then take it to the EEOC before the 300th day. That is the

scenario of the plaintiff's equitable tolling argument. But *Martinez* cannot be extended to cover that scenario. In *Martinez*, there was no question that the filing with the EEOC was timely. The only question was whether a late state filing ended the process. The court also made it a point to note that the plaintiff got lucky. The state received the charge on the 251st day and sent it to the EEOC on the 258th day. The court specifically noted that if the state had waited until the 301st day the plaintiff would have been out of luck. *Martinez*, 772 F.2d at 350. In this case the FWMHRC acted very swiftly; the EEOC received the charge only 10 days after it was presented to the state. But even that swift action did not get the charge to the EEOC until the 307th day.

In this case there is no good ground for equitable tolling. While the plaintiff argues that the defendant will not be prejudiced by tolling the filing requirement the absence of prejudice is only a factor in determining whether the doctrine of equitable tolling should be applied and is not an independent basis for invoking the doctrine. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). By itself a lack of prejudice is not sufficient to sanction deviation from important established procedures. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Id.* at 151, 104 S.Ct. at 1726. The plaintiff in this case simply did not act diligently. The facts of this case do not warrant the application of the equitable tolling doctrine.

### IV

#### *Conclusion*

The plaintiff failed to file a timely charge with the EEOC and the equitable tolling doctrine will not be applied in this case. Since the court has decided that the plaintiff failed to file a timely charge with the EEOC, the argument regarding the plaintiff's failure to aver all conditions precedent and the argument that the complaint should be amended need not be reached. Accordingly, the defendant's motion for summary judgment as to the Title VII claim is GRANTED.