**Ruth BLEDSOE, on behalf of herself and all persons similarly situated, Plaintiff,**

v.

**PILOT LIFE INS. CO., INC., Defendant.**

**No. C–77–332–G.**

United States District Court,
M. D. North Carolina,
Greensboro Division.

Sept. 29, 1978.

---

Charles A. Lloyd, Greensboro, N. C., James B. McMillan, Jr., Thomasville, N. C., for plaintiff.

W. Linville Roach, Vice President, Gen. Counsel, Pilot Life Insurance Co., Greensboro, N. C., Erle Phillips, Donald B. Harden, Atlanta, Ga., for defendant.

## MEMORANDUM OPINION

HIRAM H. WARD, District Judge.

This matter is before the Court on a motion for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. The defendant had filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure, on August 2, 1977. However, at a hearing on the matter on April 28, 1978, this Court converted the motion to dismiss into a motion for summary judgment. The parties were given an opportunity to file briefs and other documents supporting or opposing the motion.

The plaintiff, Ruth Bledsoe, filed this action on July 12, 1977, alleging that defendant Pilot Life Insurance Company had committed unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* She alleges that defendant has discriminated against its female employees and applicants for employment because of their sex and because they have opposed practices made unlawful by Title VII.[1] The plaintiff lists eleven particular discriminatory employment practices, including hiring, promotion, suspending, discharging, training, work assignments, and wages. She further alleges seven particular discriminatory employment practices committed by defendant against her individually, including inferior treatment, failure to promote, lower wages, and discharge.

Plaintiff's employment with defendant was terminated on October 31, 1974. She filed a statement with the High Point office of the United States Department of Labor,

---

1. Plaintiff brought this suit as a class action, the class being composed of "female persons who are now employed, who were employed, who might have become employed and who might become employed by the defendant at its facilities in the area of Guilford County . . . since July 1, 1965 . . . ." Complaint of Ruth Bledsoe, ¶ 7 (filed July 12, 1977).

Wage and Hour Division, on November 10, 1974. The statement read:

> Attached to this statement are 34 sheets giving data about me and other simularly [sic] situated persons over the years who worked for Pilot Life Insurance Company.
>
> The first 7 pages deal directly with my personal history at this company and point out what I feel was clear cut violation of th [sic] *Equal Pay Law* against me.
>
> The balance of the sheets contain certain background data as requested by Wage and Hour Compliance Officer Harold L. Cox as well as additional data that I felt might be helpful in proving that *Equal Pay Law violations* existed on me and other female employees of this company.

Exhibit E–1 attached to Affidavit of Ruth Bledsoe (filed May 18, 1978) (emphasis added).

In October of 1976, Harold Cox of the Wage and Hour Division advised plaintiff that he would be unable to "get to her case" and that Reagan Weaver of the High Point Human Relations Commission might be able to help her. Mr. Weaver referred her to the Equal Employment Opportunity Commission (EEOC). On November 8, 1976, plaintiff filed a charge of sex discrimination against the defendant with the EEOC. By letter dated February 28, 1977, the EEOC informed plaintiff that her charge had been dismissed and stated that it had no jurisdiction over the matter because the charge was untimely filed. The plaintiff requested the EEOC to reconsider the dismissal, but it reaffirmed its decision on April 13, 1977. She instituted this action in United States District Court on July 12, 1977.

■ "It is settled that before an aggrieved person may file suit in the district court under Title VII he must first have *timely filed* a charge of discrimination with EEOC." *Doski v. M. Goldseker Co.,* 539 F.2d 1326, 1329 (4th Cir. 1976) (emphasis added). Title VII provides that "[a] charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . .." 42 U.S.C. § 2000e–5(e). Therefore, filing a charge with EEOC within 180 days after an alleged unlawful employment practice occurred is a jurisdictional prerequisite for bringing in federal court a Title VII action based upon such unlawful employment practice. *Tippett v. Liggett & Myers Tobacco Co.,* 402 F.Supp. 934, 945 (M.D.N.C.1975). *Accord, Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1231 (8th Cir. 1975); *Moore v. Sunbeam Corp.,* 459 F.2d 811, 821 n.26 (7th Cir. 1972).

The plaintiff definitely failed to file a charge with the EEOC within 180 days of her termination. *Two years* passed before she filed such a charge. However, plaintiff argues that the time limitations should be tolled in this case.

Although courts speak of the Title VII time requirements as "jurisdictional," they are not jurisdictional in the strict sense that compliance *vel non* with them determines the jurisdiction of the court without respect to any of the other circumstances in a particular case. The equitable principles of tolling and estoppel may be applicable in appropriate Title VII cases. *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 928 (5th Cir. 1975). The Fourth Circuit has noted that the time limitations in Title VII may be "tolled on recognized equitable grounds." *Stebbins v. Nationwide Mutual Insurance Co.,* 469 F.2d 268, 269 (4th Cir. 1972).

After careful consideration of the pleadings, briefs, affidavits, and accompanying documents, the Court concludes that plaintiff has not shown sufficient grounds to warrant the tolling of the Title VII 180-day time limitation.

■ Filing a charge with the Wage and Hour Division of the United States Department of Labor does not meet the requirement for filing with the EEOC. The United States Supreme Court has noted that "the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his

rights under both Title VII and other applicable state and federal statutes." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 48, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147, 158 (1974). In her statement to the Wage and Hour Division, plaintiff charged defendant with "Equal Pay Law violations." The remedies available under the Civil Rights Act of 1964 and the Equal Pay Act are separate, distinct, and independent. Plaintiff pursued one remedy with the Wage and Hour Division of the Department of Labor, which has jurisdiction over Equal Pay Act matters. She simply failed to pursue her Title VII remedy.[2] *Cf. Johnson v. Railway Express Agency*, 421 U.S. 454, 459–61, 95 S.Ct. 1716, 1719–20, 44 L.Ed.2d 295, 301–02 (1975).

██ The plaintiff's brief frequently mentions that she attempted to seek relief without the assistance of counsel. Although lack of an attorney may help explain her failure to comply with the jurisdictional prerequisites of Title VII, it does not excuse such failure. Furthermore, ignorance of the existence of any rights under Title VII is no excuse. The time limitations run against the knowledgeable and the unknowledgeable.

██ The Court rejects plaintiff's assertion that she was prevented from learning of any of her rights or duties under Title VII.[3] Plaintiff does not state in her affidavit that Harold Cox of the Wage and Hour Division specifically told her not to pursue other remedies or not to do anything else.[4] She does assert that Mr. Cox failed to mention various matters:

At no time . . . [did he] mention any time limitation, any other government agencies, suit requirements, the possibility his agency did not have jurisdiction over all my grievances. He never advised me to seek legal advice from an attorney. . . . He did not mention EEOC . . . .

Affidavit of Ruth Bledsoe, at p. 2.

This Court knows of no legal duty which required Mr. Cox to advise plaintiff of her other rights.

Furthermore, there were no misleading representations or actions on the part of defendant which prevented plaintiff from exercising her rights. This Court has stated that the "doctrine of equitable estoppel will toll a limitation *only* when it is the defendant himself who has mislead the plaintiff in such a manner as to make strict application of the [time] limitation inequitable." *Camack v. Hardee's Food Systems, Inc.*, 410 F.Supp. 469, 472 (M.D.N.C.1976).

Finally, as the United States Supreme Court has stated:

We are not really concerned with the broad question whether . . . [this defendant] can be compelled to conform . . . [its] practices to the nationally mandated policy of equal employment opportunity. If [it] . . . presently [is] actually engaged in such conduct, there necessarily will be claimants who are in a position now either to file a charge under Title VII or to sue under [42 U.S.C.] § 1981. The question in this case is only whether this particular [plaintiff] . .

2. Plaintiff's brief states that "plaintiff . . . went to the executive branch of the federal government with a claim of discrimination which she believed could be remedied by the federal government." Plaintiff's Brief in Opposition to Motion to Dismiss, at p. 7 (filed Sept. 21, 1977). However one should not view "the federal government" as a single entity in discrimination cases. Different departments and offices within the federal government have different duties and jurisdiction. Actions (or inaction) by the Wage and Hour Division cannot be imputed to others.

3. The Court notes that W. Earl Adams, defendant's director of personnel, has stated that

since April, 1974, "the official notice furnished by the EEOC . . . has been prominently posted in the area reserved for Company bulletin boards and official notices near the entrance to the employer cafeteria . . . . Said poster conspicuously advised employees to file claims of sex discrimination with the EEOC." Affidavit of W. Earl Adams, ¶ 4 (filed May 19, 1978).

4. Plaintiff's statement that Cox "indicated that his agency would take care of everything," Affidavit of Ruth Bledsoe, at p. 2, is not specific enough.

has waited so long that [s]he has forfeited [her] . . . right to assert . . . [her] claim in federal court.

*Johnson v. Railway Express Agency,* 421 U.S. 454, 467 n.13, 95 S.Ct. 1716, 1723 n.13, 44 L.Ed.2d 295, 305 n.13 (1975).

The Court reiterates that plaintiff has not shown any evidence which would justify tolling the time limitations of Title VII and allowing her suit to proceed. Therefore, the motion for summary judgment in favor of the defendant should be granted and the plaintiff's action should be dismissed. A judgment will be entered accordingly.