**John FICK, Plaintiff,**

v.

**CANTERBURY COAL COMPANY, Defendant.**

Civ. A. No. 82–659.

United States District Court, W.D. Pennsylvania.

July 11, 1983.

---

Ronald J. Zera, Pittsburgh, Pa., for plaintiff.

William S. Scott, Pittsburgh, Pa., for defendant.

## MEMORANDUM

McCUNE, District Judge.

This is a sex and age discrimination case. Plaintiff's complaint alleges claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*; Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*; and the Fourteenth Amendment to the United States Constitution. For the reasons stated below, we grant the defendant's motion for summary judgment as to all claims.

When addressing a motion for summary judgment we must determine whether there are any genuine issues as to any material facts and whether the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c).

The record shows that at the time of the activities complained of, plaintiff was a 56 year old white male with over 30 years of experience as a coal miner. The defendant is a coal mining company. On June 13, 1980, plaintiff applied for employment with the defendant. Plaintiff alleges that at that time, he also requested and was given an employment application for his daughter, but was told that the defendant did not hire female coal miners.

Plaintiff also alleges that the defendant's supervisor was impressed with his application, and that he was told in August of 1980, that he was almost hired, but for a few days wait. The job did not materialize, however. Shortly thereafter, defendant began to hire miners who were younger than plaintiff, and allegedly, less qualified.

Plaintiff made several trips to the defendant company inquiring about employment, but was not hired. At some time between November 12 and December 31, 1980, (*See* Plaintiff's Deposition at 10, 74, and 75), plaintiff confronted a member of the defendant's managing staff and stated, inter alia:

"Okay, Mr. Velesig. All I can say to you is I feel very sorry because I think Canterbury Coal would have had a big gainer if you would have hired me. There is nothing else I could say or do right now."

On June 23, 1981, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC), charging the defendant with sex and age discrimination. That same day the EEOC transferred the case to the Pennsylvania Human Relations Commission (PHRC).

On November 24, 1981, the PHRC closed plaintiff's case without taking any action and transferred it to the EEOC. The EEOC took no action either.

On January 29, 1982, the EEOC issued a right to sue letter.

On April 16, 1982, plaintiff filed this action.

We first address plaintiff's Title VII sex discrimination claim. Plaintiff alleges he was denied employment with defendant because he showed an interest in having his daughter employed as a coal miner. While plaintiff's standing to complain of sex discrimination might be questioned, defendant argues instead that this claim is barred because plaintiff failed to file his charge with the EEOC within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e). We agree.

First, we must determine when the alleged discriminatory denial of employment occurred, or in the alternative, when the plaintiff knew or should have known it occurred. *Cf. Bonham v. Dresser Industries, Inc.,* 569 F.2d 187, 192 (3d Cir.1977), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). While the record is not precise, it appears that the plaintiff knew or should have known about the alleged discrimination, at the latest, when he made the earlier quoted statement to Mr. Velesig. We cannot ascertain the exact date the statement was made. Because this is a motion for summary judgment and the plaintiff is the non-moving party, we should determine factual disputes in his favor. *International Union of Electrical, Radio and Machine Workers, AFL–CIO–CLC v. Westinghouse Elec. Corp.,* 631 F.2d 1094 (3d Cir. 1980). We shall therefore consider plaintiff's statement to have been made on the last date possible, December 31, 1980.

We find the 300 day issue to be directly controlled by the Supreme Court's decision in *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). There, the Court faced an almost identical fact situation. The plaintiff had filed a Title VII religious discrimination charge with the EEOC within 300 days after the alleged discriminatory occurrence. The EEOC immediately transferred the case to the appropriate state agency. Sixty days later, but more than 300 days after the alleged discrimination, the EEOC officially filed a copy of the charge in its own office.

The Supreme Court found that the initial filing with the EEOC was ineffective because under Title VII a claimant is required to first file with an appropriate state agency. *See* 42 U.S.C. § 2000e–5(b) and (c). The Court also found that the 300 day limit of § 2000e(5)(e) must be interpreted literally, and that because the second EEOC charge had been filed more than 300 days after the alleged unlawful employment practice, the plaintiff was time barred from bringing his action. *Mohasco, supra* at 816–17, 100 S.Ct. at 2492–93.

In the instant case, plaintiff's initial filing with EEOC on June 23, 1981, was within the 300 day limit but was ineffective because he had not yet filed with the PHRC. The EEOC immediately transferred the case to the PHRC, which transferred the case back to the EEOC on November 24, 1981. This second filing with the EEOC, however, occurred 328 days after the plaintiff's notice date of December 31, 1980. Under the *Mohasco* holding, plaintiff is therefore time barred from proceeding with his Title VII claim.

We next address plaintiff's ADEA claim. We have held the final pretrial conference and the record is complete. We find that the facts do not sustain plaintiff's claim.

In an ADEA case, a plaintiff must present a prima facie case of discrimination. In response, a defendant must articulate a non-discriminatory reason for his disputed actions. The plaintiff is then permitted to present evidence that the defendant's articulated reason is merely a pretext to his real, discriminatory reason, and the defendant, naturally, is then permitted to rebut plaintiff's pretext evidence. The burden of proving the case remains with the plaintiff, who must show by a preponderance of the evidence that age was a determinative factor in prompting the defendant's disputed action(s). *See Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1980), and *Smithers v. Bailar,* 629 F.2d 892 (3d Cir. 1980).

Here, plaintiff has presented a prima facie case in that (1) he belongs to the class of individuals protected by the ADEA, those 40 but less than 70 years of age, 29 U.S.C. § 631(a); (2) he applied and was qualified for jobs for which the defendant was seeking applicants; (3) despite his qualifications, he was not hired; and (4) after his rejection, the defendant hired miners younger than plaintiff. The prima facie case raises a presumption that the defendant's failure to hire plaintiff was for discriminatory reasons. *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

In response, as its non-discriminatory reason, defendant argues that plaintiff had an unsatisfactory interview, from which the managing staff determined that plaintiff was more interested in putting in time towards his pension than in working assiduously, and thus, he was not hired.

To show this was a pretextual reason, plaintiff alleges that his interview with the defendant's supervisor was favorable, and that he was more qualified than any younger person hired after he had applied. As stated earlier, because this is a motion for summary judgment and plaintiff is the non-moving party, we accept his factual allegations, here pertaining to pretext, as true. *Westinghouse Elec. Corp., supra.*

However, in light of defendant's rebuttal argument, we find the facts insufficient to sustain plaintiff's claim.

In rebuttal, defendant has presented statistics regarding the employees it has hired from May 12, 1980, to September 21, 1982. Although plaintiff is correct that many of the 70 hired employees were younger than he, it is also true that 9 of the hired employees were plaintiff's age or older. Further, defendant hired 21 employees within the age limits of the ADEA: 9 aged 40–49 years, 11 aged 50–59 years, and 1 aged 61. *See Loeb v. Textron, Inc.,* 600 F.2d 1003, 1013 n. 9 (1st Cir.1979) (evidence of age of complainant's replacement may be probative of discrimination). And of the employees who were hired from May 12, 1980, to June 9, 1980, a period of time before plaintiff even applied for employment with the defendant, two of the 5 hirees were aged 56 and 58. *See id.*

These statistics undermine plaintiff's prima facie case for two reasons: (1) they cut to the heart of the presumption and prove that plaintiff was not rejected because of his age alone, and (2) they are crucial evidence in the proof of plaintiff's case.

In effect, plaintiff argues that because men younger than he were hired, even though men as old or older than he were also hired, and because he was more qualified than the younger men hired and had a favorable interview, he was discriminated against because of his age. Common sense and logic argue against the plaintiff. While the latter two facts may imply that plaintiff was discriminated against for some reason, the former two facts destroy any implication that the discrimination was for reasons of age. To permit a jury to determine why plaintiff was not hired on the few facts listed above, would invite speculation. *See* 6 Moore's Federal Practice ¶ 56.-04[2] (2d ed. 1982) (motion for summary judgment compared to motion for directed verdict), and *Lovelace v. Sherwin-Williams Co.,* 681 F.2d 230 (4th Cir.1982) (directed verdict in an ADEA case because the jury would have to speculate as to the cause of the demotion). In terms of a summary

judgment motion, we find that there is insufficient evidence to raise a genuine issue whether plaintiff was not hired because of his age.[1]

As to plaintiff's Section 1981 claim, it is now well established that this section concerns only racial discrimination. *Jones v. United Gas Improvement Corp.,* 68 F.R.D. 1, 15 (E.D.Pa.1975). Plaintiff has alleged no facts supporting such a claim and therefore summary judgment shall also be granted as to this count.

And finally, we consider plaintiff's 14th Amendment claim. If plaintiff is attempting to raise an Equal Protection claim, it must be denied because he has not alleged any state action. *See Burton v. Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961). And any other alleged constitutional violations, those concerning sex, age, or race, have been adequately protected under plaintiff's Title VII, ADEA, or Section 1981 claims and need not be addressed again. *See, Shirey v. Bensalem Twp.,* 501 F.Supp. 1138, 1144 (E.D.Pa.1980), appeal dismissed on other grounds, 663 F.2d 472 (3d Cir.1981).

1. We do not suggest that statistical evidence will always be conclusive in an ADEA case. *See Furnco Construction Corp. v. Waters,* 438 U.S. 567, 580, 98 S.Ct. 2943, 2951, 57 L.Ed.2d 957 (1978). But considering the paucity of evidence in this case, it proves to be so.

We also note that plaintiff has proceeded on a disparate treatment theory of discrimination, not an adverse impact one, and thus, has not called into question the validity of the defendant's statistics.

And finally, we address and dismiss another possible factual scenario for plaintiff's age discrimination claim. While we interpret plaintiff's complaint to allege that he was discriminatorily denied employment because of the hiring of numerous younger miners, in his deposition, plaintiff centers his discussion of discrimination around the hiring of one employee, Darrell Hockenberry. Hockenberry was the first younger miner hired by defendant after plaintiff made his application. Hockenberry was hired as a motorman, a job which plaintiff apparently believed he was going to get, and was the employee whose hiring prompted the statement to Mr. Velesig.

Hockenberry was 51 at the time he was hired, and regarding his qualifications, plaintiff stated: "He went up there and he made his brags that he was 50-ton motorman and everything, and I guess he impressed them more for the motorman or whatever happened." (Plaintiff's Deposition at 9.) Considering the relatively close ages of the plaintiff and Hockenberry, combined with the defendant's statistical evidence, we find that there is insufficient evidence of age discrimination. A jury would, of necessity, speculate. *See Lovelace, supra,* and *Loeb, supra.*