Jeffrey L. SOFFERIN, Plaintiff,

v.

AMERICAN AIRLINES, INC., a Delaware corporation, D.J. Nelson and H.K. Tourtellot, Defendants.

No. 88 C 9938.

United States District Court, N.D. Illinois, E.D.

May 23, 1989.

Gregory A. Stayart, James A. Romanyak, Lawrence T. Miller, and Raymond E. Belstner, Romanyak & Miller, Chicago, Ill., for plaintiff.

Mark E. Furlane and Deborah J. Leonard, Gardner, Carton & Douglas, Chicago, Ill., for defendants.

Margaret L. Paris, Cotsirilos, Crowley, Stephenson, Tighe & Streicker, Ltd., Chicago, Ill., for Henry H. Fong.

## ORDER

NORGLE, District Judge.

On November 23, 1988 plaintiff, Jeffrey L. Sofferin, filed this action against defendants, American Airlines, Inc. and two of American's employees, D.J. Nelson and H.K. Tourtellott, alleging that he was discriminated against because of his race, national origin or religion in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII") and the Civil Rights Act of 1866, 42 U.S.C. § 1981. Sofferin is Jewish. Before the court is defendants' motion, pursuant to Fed.R.Civ.P. 56(b) for summary judgment or partial summary judgment on Count I on the grounds that plaintiff failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged unlawful employment practice occurred, as is required by § 706(e) of Title VII, 42 U.S.C. § 2000e–5(e); that plaintiff seeks damages for humiliation, mental anguish and other consequential damages which are not recoverable under Title VII; and that defendants Nelson and Tourtellott are not proper defendants, because they were not named in the charge filed with the EEOC. Also before the court is plaintiff's cross-motion for partial summary judgment on Count I. For the following reasons, the court concludes that plaintiff did not timely file his charge with the EEOC and grants summary judgment in favor of defendants on Count I. As a result, the court need not address defendants' other arguments.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*

In addition to the requirements of Rule 56, the parties must comply with Local General Rule 12. The defendants have complied with Local General Rule 12 by submitting a separate, appropriately captioned, statement of material facts as to which they contend there is no genuine issue and upon which they allege entitlement to judgment. Specific references are made to the record to support their assertion as to each material fact. *See Abrams v. City of Chicago*, 635 F.Supp. 169, 171–72 (N.D.Ill.1986). Plaintiff, as is required by Local General Rule 12, has responded to the facts as stated by defendants, in substance admitting them. To the extent plaintiff disagrees, his disagreements are not material. Plaintiff has also stated additional facts, which are either immaterial, such as plaintiff's residence and American's knowledge thereof during certain time periods, or legal conclusions, such as which agency is proper for filing an employment discrimination charge.

The following are the undisputed material facts submitted by the parties, renumbered and edited to remove immaterial portions, redundant submissions, legal conclusions and minor points of contention.

1. Plaintiff Jeffrey L. Sofferin is an individual who is Jewish. (Complaint ¶ 1).

2. Defendant American Airlines, Inc. is a corporation organized pursuant to the laws of Delaware, maintaining its principal place of business in Dallas, Texas. American Airlines does business and maintains offices within the Northern District of Illinois, Eastern Division. (Complaint, ¶ 2).

3. Defendants D.J. Nelson and H.K. Tourtellott are individuals who reside in New York and at all relevant times were employed by American Airlines as pilots and captains based in Chicago. (Complaint, ¶¶ 4, 5, and 6).

4. Plaintiff was hired by American Airlines on February 17, 1986, as a probationary pilot based in Chicago, Illinois. He was to be in this probationary status for one year. (Complaint ¶¶ 3, 14).

5. During plaintiff's probationary period he served first as a flight engineer and then as a co-pilot for American Airlines. (Complaint, ¶ 15).

6. On February 20, 1987, plaintiff's performance over the prior twelve months was reviewed by American Airlines to determine whether plaintiff had satisfactorily completed his probationary period. (Complaint, ¶ 27).

7. As part of this probationary review process, plaintiff was present at an oral review board held by American Airlines management personnel in Chicago, Illinois, on February 20, 1987. (Complaint, ¶ 28).

8. At that oral review board, plaintiff was advised by American Airlines management personnel that he had not successfully completed his probationary period and that he was being terminated. (Complaint, ¶ 29).

9. Plaintiff alleges that "Venue lies in this District because all of the unlawful employment practices were committed here". (Complaint, ¶ 8).

10. Count I seeks damages for a violation of Title VII, 42 U.S.C. §§ 2000e et seq., based on his discharge which was proximately caused by alleged discrimination by defendants because of plaintiff's religion, race, national origin, which is Jewish. (Complaint, ¶¶ 33–36).

11. On December 16, 1987, plaintiff went to the Equal Employment Opportunity Commission ("EEOC") office in Detroit, Michigan and there prepared a charge of discrimination, No. 210880401. (Complaint, ¶ 9; Sofferin Deposition Transcript, pp. 42–43, and Exhibit 8).

12. Plaintiff may have called the Detroit EEOC office by telephone on December 15, 1987, the day before, to ask them about the procedure. (Sofferin Dep. Tr. p. 43). But he had not previously been to the EEOC.

13. Plaintiff did not go to any Michigan employment discrimination agency with respect to the matters in the charge of discrimination or in the Complaint. (Sofferin Dep. Tr. p. 43).

14. Prior to December 16, 1987, plaintiff consulted an attorney. Plaintiff described his case to that attorney, who then advised him to go to the EEOC and to file a charge of discrimination. (Sofferin Dep. Tr. p. 47). Plaintiff advised the EEOC he had been referred there by an attorney. (Exhibit 8 to Sofferin Dep.).

15. The attorney was aware that plaintiff was based in Chicago, that his employment was terminated in Chicago (Sofferin Dep. Tr. pp. 48–49), and that plaintiff was a resident of Michigan during his employment. (Affidavit of Jeffrey Sofferin).

16. Being "based in Chicago" meant that plaintiff was listed in the Chicago roster of American Airlines, and that he was assigned flights that originate and depart in Chicago. Plaintiff could live anywhere he wanted. (Sofferin Dep. Tr. p. 49).

17. On December 16, 1987, plaintiff was advised by the intake person at the Detroit EEOC office that his charge would have to be referred to the Chicago EEOC office for processing. (Sofferin Dep. Tr. pp. 48–49).

18. Plaintiff did not file a charge of discrimination with any state agency. (Sofferin Dep. Tr. p. 48).

19. The Chicago office of the EEOC has a work-sharing agreement ("WSA") with the Illinois Department of Human Rights ("IDHR"). Under the WSA, the agency by which the charge of discrimination was initially received would process the charge. (Affidavit of Mitchell Edison).

20. In the case of charges received pursuant to Title VII, under the WSA the EEOC forwards a copy of the charge to the IDHR together with a transmittal form, EEOC form 212–A. (Affidavit of Mitchell Edison).

21. Upon receipt of that transmittal form and the charge of discrimination, the authorized IDHR official acknowledges receipt of the charge and indicates the IDHR's intention to dismiss, close, or not docket the charge per the WSA. (Affidavit of Mitchell Edison).

22. A true and correct copy of the EEOC form 212–A used in plaintiff's case is attached as an exhibit to Mr. Edison's affidavit. (Affidavit of Mitchell Edison).

23. The charge referred only to plaintiff's religion as a basis for discrimination. Nothing in plaintiff's charge of discrimination referred to the individual defendants. (Exhibit 11 to Sofferin Dep.).

24. The transmittal form (EEOC Form 212–A) and plaintiff's charge No. 210880401 were forwarded to the IDHR by the EEOC, received by the IDHR, and returned to the EEOC by the IDHR, all on the same day, December 24, 1987. (Affidavit of Mitchell Edison).

25. Plaintiff's charge of discrimination was received by the Detroit office of the EEOC on the 298th day after his notice of discharge from American Airlines. (1987 Calendar).

26. Plaintiff's charge of discrimination was not deferred to the IDHR until the 307th day after plaintiff received notice of his discharge from American Airlines. (1987 Calendar).

27. Plaintiff states he believed as early as February 20, 1987 that he was being discriminated against by American Airlines. (Sofferin Dep. Tr. p. 38).

28. Plaintiff wholly relied upon the Detroit office of the EEOC to implement all proper procedures, including deferral to the proper state agency (Sofferin Dep. Tr., p. 48, Appendix C).

The issues before the court with respect to Count I are whether plaintiff's employment discrimination charge was timely filed and, if it was not, whether equitable tolling is warranted. The undisputed material facts submitted are such that there is no genuine issue as to any fact material to the court's determination that defendants are entitled to judgment as a matter of law on Count I. Plaintiff did not timely file his discrimination charge and has not established facts warranting equitable tolling.

### PLAINTIFF'S CHARGE WAS NOT TIMELY FILED

■ Timely filing a discrimination charge with the EEOC is a Title VII action

prerequisite. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Lorance v. AT & T Technologies, Inc.,* 827 F.2d 163, 165–66 (7th Cir.1987); *Martinez v. United Auto. Aerospace & Agr. Implement Workers of America,* 772 F.2d 348, 350 (7th Cir.1985). A charge ordinarily must be filed with the EEOC within 180 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e–5(e). However, the time period is extended where the allegedly discriminatory act occurred in a state which has state or local agencies authorized to remedy employment discrimination ("deferral states"). In those instances, the charge must be filed with the EEOC no later than 300 days after the alleged discriminatory practice. *Id.; see Lorance,* 827 F.2d at 165–66; *Grudowski v. Butler Paper Co.,* 670 F.Supp. 242, 244 (N.D.Ind.1987).

In providing a longer time period for filing in deferral states, Congress gave "state agencies an opportunity to redress the evil at which the federal legislation was aimed, and to avoid federal intervention unless its need was demonstrated." *Mohasco Corp. v. Silver,* 447 U.S. 807, 821, 100 S.Ct. 2486, 2495, 65 L.Ed.2d 532 (1980). To promote this policy, § 706(c) of Title VII provides that no charge may be filed with the EEOC before the expiration of sixty days after proceedings have been commenced under the appropriate state agency, unless the state proceedings have been earlier terminated. 42 U.S.C. § 2000e–5(c); *see Mohasco Corp.,* 447 U.S. at 821, 100 S.Ct. at 2495–95; *Oscar Mayer & Co. v. Evans,* 441 U.S. 750, 755, 99 S.Ct. 2066, 2071, 60 L.Ed.2d 609 (1979) ("Congress intended through § 706(c) to screen from federal courts those problems of civil rights that could be settled to the satisfaction of the grievant in a 'voluntary and localized manner'.").

 § 706(c) designates the agency of the state in which the allegedly discriminatory act occurred as the appropriate state agency with which to file:

In the case of an alleged unlawful employment practice *occurring in a State ... which has a State or local law pro-*

*hibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice ...,* no charge may be filed under subsection (b) ... before the expiration of sixty days *after proceedings have been commenced under the State or local law,* unless such proceedings have been earlier terminated ...

42 U.S.C. § 2000e–5(c) (emphasis added). The state or local law referred to is the state or local law of the state in which the allegedly discriminatory act occurred and which prohibits such conduct. Commencing proceedings under the state or local law requires filing a charge, under the state or local law of the state whose law prohibits such conduct, with the state or local agency in that state empowered to enforce this law.

 Where the alleged discrimination takes place in a deferral state, § 706(c) prevents any filing with the EEOC from being effective until the appropriate state fair employment agency has had an opportunity to review the charge for sixty days, unless the state agency decides prior to the expiration of the sixty-day period to terminate its processing of the claim. Thus, ordinarily a charge must be filed with the state agency or referred to the agency by the EEOC within 240 days after the alleged act of discrimination in order to ensure that the charge will be "filed" with the EEOC within the 300 day limit. A charge that is not filed or referred to the appropriate state fair employment agency within 240 days of the alleged discriminatory act will only be considered timely if the state agency "terminates" processing of the claim within 300 days of the alleged act of discrimination. *See EEOC v. Commercial Office Products,* 486 U.S. 107, 108 S.Ct. 1666, 1669, 100 L.Ed.2d 96 (1988); *Fick v. Canterbury Coal Co.,* 568 F.Supp. 927, 929 (W.D.Penn.1983). This extended federal filing period applies even where, as in plaintiff's case, filing under state law is untimely. 706(c) requires filing with an appropriate state agency as a prerequisite to filing with the EEOC. It does not re-

quire a timely filing. 108 S.Ct. at 1675–76. Apparently, where state filing is untimely, the state agency simply waives its rights to process the claim and it is then deemed filed with the EEOC.

A state agency's waiver of its exclusive 60–day period for initially processing a discrimination charge, pursuant to a worksharing agreement with the EEOC, is a termination within the meaning of § 706(c) and thereafter the EEOC immediately may deem the charge filed. *Commercial Office Products Co.*, 108 S.Ct. at 1676. Pursuant to 42 U.S.C. §§ 2000e–4(g)(1) and 2000e–8(b) the EEOC and the IDHR have entered into a work-sharing agreement whereby the IDHR will waive its exclusive 60–day right to process charges initially processed by the EEOC upon notification and deferral of the charge to the IDHR by the EEOC. (Affidavit of Michael Edison).

In the instant case, the record shows that on February 20, 1987, plaintiff was informed in Chicago, Illinois by American Airlines that he had not successfully completed his one-year probationary period and that he was being terminated. (Rule 12(c) Statement, ¶¶ 6–8). Plaintiff admits that all of the alleged discriminatory acts occurred in Illinois. (Complaint, ¶ 8). On December 16, 1987, which was 298 days after his discharge, plaintiff went to the Detroit EEOC office and submitted a discrimination charge. Plaintiff was advised by the intake person at the Detroit EEOC office that it would be necessary for the charge to be referred to the Chicago office of the EEOC for processing. (Rule 12(e) Statement, ¶¶ 12–18). Following the transmittal of the charge to the Chicago office of the EEOC, it was referred on December 24, 1987 to the Illinois Department of Human Rights ("IDHR"), as required by § 706(c). Pursuant to a work-sharing agreement between the IDHR and EEOC, on the same day the IDHR waived its right to initially process the claim, 307 days after plaintiff was discharged. (Rule 12(e) Statement, ¶¶ 20–25).

Plaintiff asserts that he satisfied § 706's 300–day filing requirement by initiating state proceedings, on December 16, 1987 (298 days after his discharge) with the Michigan Department of Civil Rights ("MDCR"), which he alleges immediately waived jurisdiction and deferred the charge to the EEOC, causing an effective "filing" with the EEOC on that date. Plaintiff concludes that, solely by reason of his status as a Michigan resident, the MDCR was an appropriate state agency.

Plaintiff cites no authority for his proposition that plaintiff's residence makes a state authority an appropriate state authority under § 706 of Title VII. Even if plaintiff's charge had been deferred to the MDCR, which it was not, (Lewis affidavit dated 3–9–89, ¶¶ 6–8), plaintiff's assertion misconstrues § 706(c) and (e) and misstates the applicable law. Michigan was not an "appropriate" state authority under § 706. In fact, the MDCR, which has jurisdiction over allegations of discrimination occurring *in Michigan,* did not have jurisdiction over plaintiff's charge. Lewis Affidavit dated 2–16–89, Ex. 1.

Since all of the alleged discrimination occurred in Illinois, the IDHR is *the only appropriate* state authority for plaintiff's charge within the meaning of § 706, which expressly includes only the state in which the alleged discriminatory conduct occurs. *See* § 706; EEOC Compliance Manual; Response to Plaintiff's Section 12(f) statement; Lewis Affidavit dated 3–9–89. Plaintiff had to initiate state proceedings with the IDHR within 300 days, in order to satisfy the filing requirements of § 706(c) and (e) of Title VII. *Husch v. Szabo Food Service Co.,* 851 F.2d 999, 1001 (7th Cir. 1988) (interpreting ADEA); *Anderson v. Ill. Tool Works, Inc.,* 753 F.2d 622, 629 (7th Cir.1985); *Flagg v. Atchison, Topeka and Santa Fe Railway Co.,* 662 F.Supp. 278, 280 n. 2 (N.D.Ill.1985). In *Flagg,* the court stated:

> Technically, the EEOC lacks jurisdiction over a charge which, while submitted to it, has never been filed with the appropriate state agency. Therefore, such a charge is not "filed" with the EEOC until such time as the state agency has exercised its jurisdiction.

In *DePriest v. Seaway Food Town, Inc.,* 543 F.Supp. 1355 (E.D.Mich.1982), the court considered nearly identical deferral provisions in the Age Discrimination in Employment Act ("ADEA"). The plaintiff had filed her claim under the ADEA in Ohio, her home state, despite the fact that all of the allegedly discriminatory activity occurred in Michigan. 543 F.Supp. at 1357. Plaintiff claimed that she satisfied the ADEA's filing requirements by making a timely filing with the Ohio agency. The *DePriest* court held that the ADEA's plain language required state proceedings be commenced in the state where the alleged discrimination occurred. 543 F.Supp. at 1360.

First, as a matter of statutory construction, § 633(b) says, 'In the case of an alleged unlawful practice occurring in a [deferral] State ... no suit may be brought ... before the expiration of sixty days after proceedings have been commenced under *the state law ...' Thus, the statute on its face requires an aggrieved party to commence proceedings in the appropriate agency of the state in which the alleged act of discrimination occurred.*

543 F.Supp. at 1360 (emphasis added); *see also Smith v. General Scanning, Inc.,* 832 F.2d 96, 98–99 (7th Cir.1987) (ADEA requires filing with state agency in state where discrimination allegedly occurred).

In *Lyda v. American Broadcasting Companies, Inc.,* 587 F.Supp. 670 (S.D.N.Y.1984), the plaintiff filed a discrimination claim in New York, despite the fact that Illinois was the location of her residence, her employment, and the alleged discriminatory activity. 587 F.Supp. at 671. In addition to determining that the claim was not timely filed, 587 F.Supp. at 672, the court, relying on *DePriest,* concluded that she had not filed with the appropriate state agency. 587 F.Supp. at 673. That in *Lyda* the agency with which the charge was filed was also in the plaintiff's state of residence does not support the proposition that the appropriate agency is the one in the state of plaintiff's residence. *Lyda* focused on the state's connection to the discrimination, incorporating the reasoning in *DePriest,*

wherein the court concluded that the appropriate state agency is the agency in the state in which the discrimination allegedly occurred. *DePriest,* 543 F.Supp. at 1360.

Furthermore, the rule urged by plaintiff would be at best inefficient and at worse unworkable. § 706(c) was designed to foster the settlement of discrimination claims in a "localized manner." *Oscar Mayer & Co.,* 441 U.S. at 755, 99 S.Ct. at 2071. State agencies are created to promote the policies and enforce the laws of the state in which they are located. Given this, it would be counterintuitive and inefficient to prohibit federal intervention through § 706(c), yet allow one state agency to address allegedly discriminatory activities occurring in another state. Moreover, the state agency would encounter jurisdictional problems under such a scenario were it to attempt to investigate alleged discrimination in another state.

■ Finally, plaintiff alleges that, even if the IDHR was the appropriate state agency with which to file his charge, the deferral provisions of Title VII do not apply because the IDHR, by reason of its Work Sharing Agreement with the EEOC, relinquished its control over the initial processing of his charge. Plaintiff suggests that he could timely file with the EEOC without actually ever deferring his charge to the IDHR. Yet, the IDHR–EEOC Work Sharing Agreement states that all charges received by the EEOC "which are determined upon this review to be within the Work Sharing Agreement waiver provisions will be *forwarded to IDHR's office* pursuant to paragraph 4 of the Work Sharing agreement." Thus, while the IDHR may receive a charge and, pursuant to the Work Sharing Agreement, immediately return it to the EEOC (which was done in this case), a charge cannot be effectively "filed" with the EEOC until first deferred to the IDHR. *Citicorp–Person–To–Person Financial Corp. v. Brazell,* 658 F.2d 232, 234 (4th Cir.1981); *see Grudowski,* 670 F.Supp. at 248 (had plaintiff gone straight to the EEOC she could not have filed her claim because she would have omitted filing with the state agency); *see also Oscar*

*Mayer & Co.,* 441 U.S. at 753, 99 S.Ct. at 2070 (under ADEA, resort to state agencies in deferral states is mandatory not optional).

*Zewde v. Elgin Community College,* 601 F.Supp. 1237 (N.D.Ill.1989), cited by plaintiff, is not to the contrary. In *Zewde,* the allegedly discriminating acts occurred in Illinois. One issue was whether commencing proceedings with the appropriate state agency required actually physically filing the charge with the IDHR or whether filing with the EEOC Chicago office, which then, pursuant to a work sharing agreement, deferred the charge to the IDHR, was sufficient. The court held that proceedings could be commenced with the appropriate state agency through a deferral, as well as an actual physical filing. Filing within the 300 day limit was not at issue. 601 F.Supp. at 1240.

Plaintiff's charge was deferred to the IDHR and returned to the EEOC on December 24, 1987, whereupon it was deemed filed with the EEOC, 307 days after plaintiff's discharge.

## EQUITABLE TOLLING IS NOT WARRANTED

 The timely filing of an EEOC charge is not jurisdictional, but is akin to a statute of limitations which is subject to waiver, estoppel or equitable tolling. *Zipes,* 455 U.S. at 393, 102 S.Ct. at 1133. Waiver is inapplicable, since defendants have expressly raised limitations as a defense. Neither does plaintiff assert estoppel. The principle of equitable tolling is based upon the actions of someone, other than the claimant, that are misleading or which constituted fraudulent conduct. *Smith v. McClammy,* 740 F.2d 925, 927 (11th Cir.1984). Plaintiff must establish facts necessary to justify equitable tolling. *Miller v. Aluminum Co. of America,* 679 F.Supp. 495, 500 (W.D.Pa.1988).

 Plaintiff contends that the 300–day limitation period should be tolled because of "mistake" or delay by the Detroit EEOC office. It is clear that there was no mistake or delay on the part of the EEOC. It followed the procedures in the EEOC Compliance Manual, a matter of public record. When plaintiff initially "filed" his charge with the EEOC Detroit District office on December 16, 1987, 298 days after his discharge, it promptly and properly transmitted his charge to the Chicago District EEOC Office. (Rule 12(e) Statement, ¶¶ 2, 18, 26). Nine days for transmission is reasonable, and it is not reasonable for plaintiff to assume that trasmission would occur in two days, as would have been necessary for plaintiff's claim to have been timely. Moreover, plaintiff alleges no facts suggesting he was misled by the EEOC or that he reasonably relied on any such misrepresentations. *Miller,* 679 F.Supp. at 500; *Grudowski v. Butler Paper Co.,* 670 F.Supp. at 248 (agency has no duty to expedite processing of claim filed near deadline). Plaintiff was advised that same day by the intake person at the Detroit EEOC office that the charge would have to be referred to the Chicago District office for processing. (Rule 12(e) Statement, ¶ 18). Thus, no delay occurred at the Detroit EEOC office. Nor was there delay by the Chicago EEOC office. In accordance with the Chicago Office's Work Sharing agreement with IDHR and Title VII, the Chicago office was required to commence state proceedings on behalf of plaintiff by forwarding his charge to the IDHR, and it did so properly in the ordinary course of business on December 24, 1987, 307 days after plaintiff's discharge.

Plaintiff's failure to file a timely charge was caused by his own delay until the 298th day following his discharge, and was magnified by his error in filing in the Detroit EEOC office so that deferral to the IDHR would take additional time. *See Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence."). The cases cited by plaintiff involve extended delays prior to deferral or uncertainties as to which states the discrimination occurred in, and thus are distinguishable.

Any mistake or ignorance plaintiff may have had as to his rights is irrelevant to the applicability of equitable tolling. *See Keyse v. California Texas Oil Corp.*, 590 F.2d 45, 44–48 (2d Cir.1978); *Bledsoe v. Pilot Life Ins. Co. Inc.*, 473 F.Supp. 864, 867 (M.D.N.C.1978) ("Furthermore, ignorance of the existence of any rights under Title VII is no excuse. The time limitations run against the knowledgeable and the unknowledgeable."); *Cruz v. Triangle Affiliates, Inc.*, 571 F.Supp. 1218, 1222 (E.D.N.Y.1983) (Ignorance of the procedural requirements does not justify equitable tolling); *Lyda*, 587 F.Supp. at 673–74 (filing Title VII charge in wrong state does not warrant tolling).

Moreover, even if it were relevant, plaintiff cannot claim ignorance, as he had consulted an attorney before the expiration of the filing period and before he contacted the EEOC. *See Bennett v. Russ Berrie & Co.*, 564 F.Supp. 1576, 1580 (N.D.Ind.1983); *Hamel v. Prudential Insurance Co.*, 640 F.Supp. 103, 105 (D.Mass.1986) ("It is the job of the lawyer, not the agency, to keep the client's claim from going stale."). Plaintiff's attorney was aware that plaintiff was based in Chicago and that his employment was terminated in Chicago. (Rule 12(e) statement, ¶¶ 15, 16). Plaintiff's complaint alleges that "Venue lies in this District because all of the unlawful practices were committed here." (Complaint, ¶ 8). Equitable tolling is not warranted.

In sum, Count I of plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED.