Virginia **MITILINAKIS**, Plaintiff,

v.

**CITY OF CHICAGO**, Defendant.

**No. 87 C 10938.**

United States District Court,
N.D. Illinois, E.D.

April 5, 1990.

Nicholas C. Syregelas, Chicago, Ill., for Virginia Mitilinakis.

Sarah Vanderwicken, Maria C. Campo, Judson H. Miner, Chicago, Ill., for City of Chicago.

Maria C. Campo, Barbara Smith, Judson H. Miner, City of Chicago, Law Dept., Chicago, Ill., for City of Chicago and O'Hare Airport.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, the City of Chicago, for summary judgment, pursuant to Fed.R.Civ.P. 56(b), on the Title VII, 42 U.S.C. § 2000e *et seq.,* sex discrimination claim of plaintiff, Virginia Mitilinakis.

Plaintiff alleges that the City discriminated against her as part of its practice of "refusing and failing to automatically reinstating [sic] female employees returning from maternity leave." First Amended Complaint, ¶ 13. On September 1, 1985, plaintiff, an information representative at O'Hare Airport, requested and received a pregnancy leave of absence from her employment with the City. Plaintiff desired to return to her former position in December, 1985, requested reinstatement at that time, was refused, repeated her request for reinstatement, and, to date, has not been reinstated. Plaintiff filed a Charge of Discrimination with the EEOC on October 25, 1988.[1] In the charge, with respect to the "Date Most Recent or Continuing Discrimination Took Place," plaintiff indicated "12/1/85 & cont." In addition, she also states in the charge that "In December of 1985, to the present, I am being told that I have to re-apply and wait for some vacancy to occur."

The City moves for a summary judgment on the grounds that plaintiff's claim is time-barred and that there is no genuine issue over the material facts that the City did not discriminate against plaintiff and does not have a practice or policy of discriminating against female employees desiring reinstatement after maternity leave; that plaintiff's position was eliminated for a nondiscriminatory reason—a budget cut; and finally that, in any event, plaintiff was not eligible to be employed by the City at the time she sought reinstatement and continues to be ineligible due to her residency outside of the City.

Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a

---

**1.** The charge alleges both sex and national origin discrimination. Plaintiff's First Amended Complaint alleges only sex discrimination.

claim without any significant probative evidence which support his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.* Local Rule 12(*l*), (m) also places specific burdens on the movant and respondent, respectively. Defendant has complied with 12(*l*). However, plaintiff has failed to comply with 12(m). This failure will not be without consequences.

■ Defendant's motion for summary judgment is granted. Plaintiff's claim is time-barred. Where a claimant fails to timely file a Charge of Discrimination and the defendant asserts his untimeliness, the claimant is barred from subsequently maintaining a civil action based upon the same discriminatory act.[2] 42 U.S.C. § 2000e–5(e); *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *Sofferin v. American Airlines, Inc.,* 713 F.Supp. 1219, 1222–23 (N.D.Ill.1989). Since Illinois is a "deferral state" plaintiff must have filed her EEOC charge "no later than 300 days after the alleged discriminatory practice." 713 F.Supp. at 1223; *see Lorance v. AT & T Technologies,* —— U.S. ——, 109 S.Ct. 2261, 104 L.Ed.2d 961 (1989).[3] Here the alleged discriminatory practice, the event which triggered the running of the time period in which plaintiff was required to file her EEOC charge, occurred on December 1, 1985 when plaintiff was first denied reinstatement. That was when by her own admission, plaintiff first knew of the al-

leged discrimination. Consequently, plaintiff's charge was filed more than 300 days after the alleged discriminatory act. Plaintiff attempts to avoid this conclusion—one mandated by her statement in the charge that the discrimination began on "12/1/85"[4]—by arguing that the discrimination was continuing, in that a discriminatory act occurred each time she subsequently requested and was denied reinstatement.

Plaintiff's argument is directly foreclosed by *Delaware State College v. Ricks,* 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), in which the Court rejected a "continuing violation" argument, holding that the alleged discrimination occurred, and the Title VII filing limitation period commenced, when the claimant was denied tenure, not later when the claimant's "terminal" contract for a nontenured teaching position expired and was not renewed. 449 U.S. at 256–63, 101 S.Ct. at 503–06; *see also Chardon v. Fernandez,* 454 U.S. 6, 7–8, 102 S.Ct. 28, 28–29, 70 L.Ed.2d 6 (1982). The City's denial of plaintiff's subsequent request for reinstatement and plaintiff's "continuing" status as a "nonemployee" of the City are merely the present consequences of City's initial, allegedly discriminatory, denial on December 1, 1985. Plaintiff confuses the continuing effects of the initial denial of reinstatement on December 1, 1985 with a "continuing violation."

■ As the City aptly notes, plaintiff cannot extend the limitations period by repeatedly renewing her demand for reinstatement and then counting her time to file from each denial. To allow such a strategy to revive expired or stale claims would render the filing time periods in Title VII a nullity. "The limitations periods, while guaranteeing the protection of the civil rights laws to those who promptly assert their rights, also protect employers from the burden of defending claims aris-

---

**2.** Absent waiver or estoppel, neither of which apply here.

**3.** The parties do not address whether plaintiff "filed" a charge with the appropriate state agency. The court need not reach this issue either.

**4.** Plaintiff did not merely assert that she was denied reinstatement on that date, but that discrimination occurred on that date. Thus, there is no notice or tolling issue here.

ing from employment decisions that are long past." *Ricks,* 449 U.S. at 256–57, 101 S.Ct. at 503. Although the timely filing of a claim is not a jurisdictional prerequisite, but rather akin to a statute of limitations which must be raised by the defendant, *Sofferin,* 713 F.Supp. at 1226, it nevertheless is important to the workings of Title VII's remedial scheme in that it preserves the possibility of a contemporaneous administrative resolution of an employment dispute through conciliation.

There is another basis for granting defendant's motion, that is plaintiff's failure to comply with Local Rule 12(m). The result is that the city's statement of material facts is deemed admitted, *see Bell, Boyd and Lloyd v. Tapy,* 896 F.2d 1101 (7th Cir.1990), entitling the City to judgment as a matter of law for the reasons set forth in its memoranda. *See also Herman v. City of Chicago,* 870 F.2d 400, 404 (7th Cir. 1989).

Accordingly, defendant's motion for summary judgment is granted.

IT IS SO ORDERED.