**Kenneth SARSHA, Plaintiff,**

v.

**SEARS ROEBUCK AND CO., Defendant.**

**No. 89 C 8836.**

United States District Court, N.D. Illinois, E.D.

Aug. 9, 1990.

Lawrence Petroshius, Petroshius & Petroshius, Waukegan, Ill., James A. Roth, Glen T. Keysor, Facel Haber & Maragos, Chicago, Ill., for plaintiff.

Jeffrey S. Goldman, Paul A. Olsen, Fox & Grove, Chtd., Chicago, Ill., for defendant.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant, Sears, Roebuck and Co., to dismiss or in the alternative for summary judgment

on the first amended complaint of plaintiff, Kenneth Sarsha.

██ Sears' motion will be treated as a motion for summary judgment, pursuant to Fed.R.Civ.P. 56(b).[1] Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which support his complaint. *Id.; see First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the nonmoving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.*[2]

The court finds that the undisputed material facts in this matter are as follows:

On January 22, 1988, Sears, Roebuck and Co. terminated Sarsha's employment. On November 15, 1988, 298 days after his discharge, Sarsha went to the Illinois Department of Human Rights ("IDHR") office in Springfield, Illinois, to file a charge alleging that Sears terminated his employment due to age and sex discrimination. Sarsha Affidavit ¶ 3. At the IDHR office, the Human Rights Investigator informed Sarsha that he should file his charge with the Equal Employment Opportunity Commission ("EEOC") because, as more than 180 days had passed since his discharge, the IDHR no longer had jurisdiction over the charge. Sarsha Affidavit ¶ 3. Thus, although the IDHR acknowledged receipt of the charge, it did not process the claim. Sarsha Affidavit, Exhibit 1.

The next day, November 16, 1988, 299 days after his discharge, Sarsha, as instructed to do by the IDHR, filed his charge with the EEOC. He was given an information sheet by the EEOC which stated:

> After your charge is signed and dated, it is referred to the Illinois Department of Human Rights so you need not file a charge there.

Sarsha Affidavit, Ex. 2; *See also* Mitchell Edison Affidavit ¶ 4.

██ Under the Work Sharing Agreement between them, the IDHR designates an employee of the EEOC as the IDHR's agent for reviewing charges received by the EEOC. Work Sharing Agreement ¶ 3; Mitchell Edison Affidavit ¶ 2. The IDHR agent at the EEOC office reviews all charges filed with the EEOC more than 180 days from the date of the last act of discrimination. *Id.* The EEOC investigates all charges filed with the EEOC more than 180 days from the date of the last act of discrimination. Because the IDHR cannot process those charges filed more than 180 days after the alleged discrimination, it is the interpretation of the EEOC and IDHR that, pursuant to paragraph 8(i) of the Work Sharing Agreement, the IDHR has waived the 60 day period of deferral on all charges received by EEOC that are filed more than 180 days, but no more than 300 days, from the last date of discrimination. Mitchell Edison Affidavit ¶¶ 3, 5; Drager Affidavit ¶¶ 2, 3.

Sears argues that it is entitled to summary judgment because Sarsha's complaint does not and cannot allege that he ever filed a charge with the IDHR, as he is required to do. For this proposition Sears

---

1. Matters outside of the pleadings are involved.

2. Both parties have also complied with Local General Rule 12.

relies primarily upon a decision of this court, *Sofferin v. American Airlines, Inc.*, 713 F.Supp. 1219 (N.D.Ill.1989).[3] Sarsha responds with the EEOC's and IDHR's interpretation of the Work Sharing Agreement as waiving the 60 day period of deferral on charges received by the EEOC which are untimely under state law, thereby eliminating the need to file with the IDHR. Sarsha also argues that equitable tolling should apply in this case, in the event the court should find his filing deficient. Sears counters that, while the 1989 Work Sharing Agreement may provide for waiver of IDHR processing on charges untimely under state law, the 1988 Work Sharing Agreement, and specifically paragraph 8(i) of that agreement, which governs in this case, cannot be construed to waive IDHR processing in Sarsha's case. Of course, Sears also denies the applicability of equitable tolling.

Sears sees too much in *Sofferin*. There is a crucial difference between Sarsha's case and *Sofferin*. It is this difference that was important to the *Sofferin* decision. Under Work Sharing Agreements state human rights agencies designate certain employee or employees of the EEOC as their agent for reviewing charges filed with the EEOC. These agents of the state human rights agencies are predictably EEOC employees working out of EEOC offices in the same state. Therefore, when Sofferin filed his charge with the EEOC office in Detroit, Michigan, there was no EEOC employee there who was designated to serve as the IDHR's agent. By the time *Sofferin's* charge was forwarded to the Chicago office of the EEOC by the Detroit office of EEOC, the 300 day time limit had already expired. This was even before the agencies went through the mechanics of deferral. Sarsha, on the other hand, timely filed his charge with the EEOC in Illinois.

This brings us momentarily to the proper interpretation of deferral provisions of the Work Sharing Agreement. Although the court finds Sears' arguments as to the proper interpretation of the Work Sharing Agreement persuasive, it expressly does

not decide this issue. For even if Sears is correct and Sarsha has not properly filed his charge, if there ever were a case where equitable tolling should apply, this is it.

 EEOC charge filing time limits are subject to equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). The principle of equitable tolling is based upon the actions of someone, other than the claimant, that are misleading or which constitute fraudulent conduct. *See Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir.1984). Sarsha has the burden of establishing the facts necessarily to justify equitable tolling. *See Miller v. Aluminum Co. of America*, 679 F.Supp. 495, 500 (W.D.Pa.1988). Here Sarsha unquestionably has carried his burden of showing misleading conduct on the part of a third-party which justifies equitable tolling. Sarsha originally went to what, for purposes of this analysis, the court will assume was the proper place for filing his charge—the IDHR—in a timely fashion and attempted to file a charge. An IDHR investigator acknowledged the receipt of, but did not process, the charge. He instructed Sarsha not to file his charge with the IDHR, since it was untimely under state law, but instead to file it with the EEOC. The IDHR investigator was someone whom Sarsha could objectively reasonably rely upon to be knowledgeable on the proper filing procedures. It was therefore reasonable for Sarsha, as he did, to rely upon the IDHR investigator's instructions and follow them. Simply put, Sarsha went to the right place, tried to do the correct thing, talked to the right person, and reasonably relied upon advice—all to his detriment.

Equitable tolling is justified and therefore Sears' motion for summary judgment is denied.

IT IS SO ORDERED.

---

**3.** The mechanics of charge filing in deferral states, such as Illinois, are dealt with in detail in *Sofferin* and will not be addressed here.