**Jeffrey L. SOFFERIN, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., a Delaware Corporation, D.J. Nelson and H.R. Tourtellott, Defendants.**

**No. 88 C 9938.**

United States District Court, N.D. Illinois, E.D.

July 10, 1989.

598

## ORDER

NORGLE, District Judge.

Before the court is the motion of plaintiff, Jeffrey L. Sofferin, brought pursuant to Fed.R.Civ.P. 59(e), to alter or amend the judgment entered against plaintiff on Count I of plaintiff's complaint. For the following reasons, plaintiff's motion is denied. In addition, the court, *sua sponte* dismisses the remaining Counts II–VII of plaintiff's complaint.

## FACTS

The facts have been previously set forth in the court's order of May 23, 1989 (the "Order") and need not be repeated in detail here. 713 F.Supp. 1219. Suffice it to say that Sofferin has sued his former employer, American Airlines, and two of his former fellow employees, D.J. Nelson and H.R. Tourtellott, claiming violations of 42 U.S.C. § 2000e *et seq.* ("Title VII") and 42 U.S.C. § 1981 ("§ 1981") based upon their alleged discrimination against Sofferin because he is Jewish. The court entered summary judgment against Sofferin on Count I, which alleged a Title VII violation, concluding that his charge of employment discrimination was not timely filed with the Equal Employment Opportunity Commission ("EEOC").

## TITLE VII CLAIMS

This court will reconsider its entry of summary judgment against Sofferin on the Title VII claim only if confronted with a clear error of law or fact or newly presented evidence which Sofferin could not have previously presented. *See Publishers Resource v. Walker–Davis Publications,* 762 F.2d 557, 561 (7th Cir.1985).

Sofferin advances two arguments in urging the court to reconsider. First, that a deferral of Sofferin's charge to the Illinois Department of Human Rights ("IDHR") was not necessary as the IDHR had waived its exclusive right to process employment discrimination charges. Second, that the court, based upon Sofferin's consultation with an attorney, improperly held him to strict compliance with Title VII.

Deferral of Sofferin's charge to the IDHR was plainly neither "unnecessary" nor "meaningless." As previously held, a charge cannot be effectively filed with the EEOC until first deferred to the IDHR. Order at 9–10. Plaintiff's first argument for reconsideration was addressed in the Order at 15–16 and will not be revisited. As for plaintiffs argument that the court held his consultation with an attorney against him, that is not the case. In the course of addressing the applicability of equitable tolling, the court noted that not only was ignorance of Title VII's requirements not a basis for tolling, but also that, even if it were, plaintiff could not claim ignorance as he had consulted an attorney. If plaintiff argues that the court prohibited him from relying upon on *improper* basis for tolling because he relied upon an attorney, then he is correct.

## § 1981 CLAIMS

The remaining six counts of plaintiff's complaint allege § 1981 claims against defendants—Counts II and III against American, Counts IV and V against Nelson, and Counts VI and VII against Tourtellott. There are no pending motions with respect to these counts. However, in light of the

Supreme Court's recent decision in *Patterson v. McLean Credit Union*, — U.S. ——, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989), the court addresses them *sua sponte.*

§ 1981 prohibits discrimination in the making and enforcement of contracts. In *Patterson*, the Court held that where the alleged discrimination does not impair either the right to make or enforce a contract it is not actionable uner § 1981. — U.S. at ——, 109 S.Ct. at 2372. § 1981's protection of the right to make contracts reaches only to discrimination which occurs at the contract formation stage, resulting in either the refusal to enter into a contract or the decision to enter into a contract only on discriminatory terms. The *Patterson* Court refused to extend the protections afforded the right to make a contract to reach "conduct by the employer after the contract relation has been established, ..." *Id.* Protection of the right to enforce a contract involves ensuring nondiscriminatory access to the judicial process and nonjudicial methods of adjudicating disputes. This too fails to reach "discriminatory working conditions". *Id.*

The *Patterson* Court did leave some room for the claim that a discriminatory refusal to promote amounts to discrimination in making a contract. — U.S. at — - ——, 109 S.Ct. at 2376–79. Though not squarely confronted with the issue, as § 1981's inapplicability to a refusal to promote had not been argued before it, the Court stated that, consistent with the remainder of its opinion, "the question whether a promotion claim is actionable under § 1981 depends upon whether the nature of the change in the position was such that it involved the opportunity to enter into a new contract with the employer." — U.S. at ——, 109 S.Ct. at 2377. "Only where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer is such a claim actionable under § 1981." *Id.* As an example of a "new and distinct relation," the Court cited *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), which involved the change in positions from associate to partner. *Id.*

Plaintiff bases his § 1981 claims solely upon allegations of discriminatory conduct on the part of his former employers and former co-workers. These allegations are of discrimination occurring after the formation of an employment contract which interfered neither with its making nor its enforcement and thus, under *Patterson*, are not actionable under § 1981.

Plaintiff's status as a probationary employee, who was discharged at the end of his probationary period, does not change this result. The "promotion" of an employee from probationary to tenured status is not a "new and distinct relation." The conditions under which American could have discharged plaintiff obviously would have changed had plaintiff survived his probationary period to become a tenured union member. Yet, if plaintiff had "successfully" completed his probationary period, he would have continued performing the very same functions he performed as a co-pilot while on probation. Effectively, there would have been no "change" in Sofferin's position. *Hishon*, cited in *Patterson*, involved a true "change" in position. Promotion from associate to partner involves changes in compensation computation, responsibility, and, potentially, liability. In effect, it is a transformation from employee to employer.

A contrary holding would create an exception which would swallow up the rule announced in *Patterson*, subjecting innumerable claims of discriminatory working conditions, which the Court considered better addressed by Title VII's comprehensive scheme, to review under § 1981.

In sum, plaintiff's motion to reconsider is denied and the remaining counts of plaintiff's complaint alleging violations of § 1981 are dismissed with prejudice in view of *Patterson.*

IT IS SO ORDERED.