**Charles J. HOLT, Plaintiff,**

v.

**MICHIGAN DEPARTMENT OF CORRECTIONS and Michigan State Industries, Defendants.**

**Civ. No. 1:90–CV–904.**

United States District Court, W.D. Michigan, S.D.

May 31, 1991.

Charles J. Holt, pro se.

Todd B. Adams, Asst. Atty. Gen., Frank J. Kelly, Atty. Gen., Appellate Div., Lansing, Mich., for defendants.

## OPINION

BENJAMIN F. GIBSON, Chief Judge.

### I.

Defendant Michigan State Industries ("MSI") is a bureau of the Michigan Department of Corrections and is responsible for operating a number of factories in the prisons of this state. Plaintiff Charles J. Holt is employed by MSI as a production supervisor. He alleges that MSI discriminates against minorities in its selection of employees for promotion to higher-level po-

sitions. As a result, he brings suit under Title 42 United States Code Section 1981 seeking monetary and injunctive relief. Pending before the Court is the defendants' motion for summary judgment.

## II.

Summary judgment is appropriate only where no genuine issue of fact remains to be decided so that the moving party is entitled to judgment as a matter of law. *Atlas Concrete Pipe, Inc. v. Roger J. Au & Son, Inc. (In re Atlas Concrete Pipe, Inc.),* 668 F.2d 905, 908 (6th Cir.1982). There is no material issue of fact for trial unless, in viewing the evidence in favor of the non-moving party, a reasonable factfinder could return a verdict for that party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). "If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249, 106 S.Ct. at 2511 (citations omitted).

The party moving for summary judgment bears the initial responsibility of informing the court of the basis of its motion and identifying those portions of the record which demonstrate the absence of a material issue of fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). Once this has been done, the nonmoving party must come forward with specific facts showing that there is a material issue of fact on an issue which the nonmoving party will bear the burden of proof at trial. Fed.R.Civ.P. 56(e); *Celotex,* 477 U.S. at 322–24, 106 S.Ct. at 2552–53. If after adequate discovery the party bearing the burden of proof fails to make a showing sufficient to establish an essential element of his claim, summary judgment is appropriate. *Id.*

## III.

■ Unless Congress provides otherwise, the Eleventh Amendment prohibits a citizen from suing his own state in a federal court for monetary damages under either the Constitution or federal law. *E.g., Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 907–08, 79 L.Ed.2d 67 (1984). Congress did not abrogate a state's immunity from suit when it enacted Section 1981. *Freeman v. Michigan Dep't of State,* 808 F.2d 1174, 1178–79 (6th Cir.1987). Accordingly, the portions of the complaint seeking monetary relief are dismissed.

■ In addition to monetary damages, the plaintiff also seeks injunctive relief. As a general rule, actions against a state officer in his or her official capacity for injunctive relief are not prohibited by the Eleventh Amendment.[1] *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 2311–12 n. 10, 105 L.Ed.2d 45 (1989); *Ex parte Young,* 209 U.S. 123, 159–60, 28 S.Ct. 441, 453–54, 52 L.Ed. 714 (1908). While the Supreme Court has not addressed the issue of whether the Eleventh Amendment prohibits a plaintiff from seeking injunctive relief under Section 1981 against a state official, the Sixth Circuit has suggested that such relief may be available. *Freeman,* 808 F.2d at 1180. Therefore, this Court will assume that such relief is available.

■ In general, Section 1981 prohibits discrimination in the making and enforcement of contracts. *Patterson v. McLean Credit Union,* 491 U.S. 164, 176, 109 S.Ct. 2363, 2372, 105 L.Ed.2d 132 (1989). Post-formation conduct, including discriminatory conduct on the part of an employer, does not involve the right to make a contract, "but rather implicates the performance of established contractual obligations...." *Id.* at 177, 109 S.Ct. at 2373. Therefore, the failure of an employer to promote an individual due to his or her race is actionable under Section 1981 "[o]nly where the promotion rises to the level of an opportunity for a new and distinct relation between the employee and the employer...." *Id.* at 185–86, 109 S.Ct. at 2377.

---

**1.** A proposed amended complaint filed by the plaintiff in response to the defendants' motion for summary judgment adds individual state officials as defendants. Therefore, the Court will address the merits of the plaintiff's request of injunctive relief.

No post-*Patterson* Sixth Circuit decision has clearly articulated what factors are to be considered by a court faced with the allegation that the failure of an employer to promote a particular employee is cognizable under Section 1981. Nevertheless, this Court believes that the exception noted by the Supreme Court in *Patterson* should be construed narrowly in order to prevent Section 1981 from emasculating Title VII of the Civil Rights Act of 1964 ("Title VII").

■ An employer's failure to promote an employee on account of his race is actionable under Title VII. However, unlike Section 1981, Title VII contains an elaborate administrative scheme that a plaintiff must exhaust prior to seeking redress in a judicial forum. 42 U.S.C. § 2000e-5(b), (f)(1). Moreover, a Section 1981 litigant, unlike his or her Title VII counterpart, may receive monetary damages, including punitive damages, to compensate for any mental anguish or pain and suffering that the discriminatory act may have caused. *Patterson*, 491 U.S. at 211, 109 S.Ct. at 2391 (Brennan, J., dissenting); *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975). Unlike Title VII actions, claims alleging a violation of Section 1981 may be tried before a jury. *Patterson*, 491 U.S. at 211, 109 S.Ct. at 2391 (Brennan, J., dissenting). Courts should be reluctant to give a broad reading to an earlier statute if it would result in the circumvention of the comprehensive remedial scheme provided by a later statute. *Patterson*, 491 U.S. at 181, 109 S.Ct. at 2375. *See also United States v. Fausto*, 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988). Therefore, this Court believes that the "failure-to-promote" exception to the general rule that an employer's post-formation conduct is not actionable under Section 1981 should be interpreted narrowly to avoid rendering Title VII meaningless.

■ Moreover, this Court finds significant that the *Patterson* Court, after noting the existence of Section 1981's "failure-to-promote" exception, immediately cited *Hishon v. King & Spalding*, 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), a case holding that the refusal of a law firm to give a partnership to an associate is actionable under Title VII. *See also Malhotra v. Cotter & Co.*, 885 F.2d 1305, 1311 (7th Cir.1989). The reference to *Hishon* suggests an intent on the part of the *Patterson* Court to limit the "failure-to-promote" exception to those situations involving a fundamental and distinct change in the contractual relationship between the employer and the employee that is similar to the change that accompanies a promotion from associate to partner in a law firm setting. *Sofferin v. American Airlines, Inc.*, 717 F.Supp. 597, 599 (N.D.Ill.1989). For this reason, the Court holds that Section 1981's "failure-to-promote" exception is so limited.

One decision from the Eastern District of Michigan, after reviewing the decisions of other district courts, has concluded that a balancing test involving a variety of factors is to be applied by courts faced with the allegation that an employer's failure to promote states a cause of action under Section 1981. Among these factors are: changes in pay, in duties and responsibilities, in status from hourly to salaried employee, in required qualifications, in responsibility level, in daily duties, in potential liability, and in pension and other benefits. *Hudgens v. Harper–Grace Hosps.*, 728 F.Supp. 1321, 1325–26 (E.D.Mich.1990). When balancing these factors, this test requires a court to consider the number of factors affected by the promotion, the magnitude of the individual changes and the effect of the changes as a whole. *Id.*

This Court believes these factors provide an excellent basis for determining whether a fundamental and distinct change in the contractual relationship between the employer and the employee would have occurred if the employee would have been promoted. However, a court utilizing them should be mindful that "garden-variety" promotions involving simply more responsibility or better pay and benefits are not actionable under Section 1981. Otherwise, the emasculation of Title VII that so concerned the *Patterson* Court would be accomplished.

After reviewing the complaint and the portions of the record submitted by the parties to support their respective positions, this Court holds that the plaintiff's allegations fail to fall within *Patterson*'s narrow "failure-to-promote" exception. The plaintiff maintains that minorities employed by MSI have not been promoted above the level of Industrial Supervisor—Level V, his current employment classification. Complaint, ¶¶ 11, 28, 30, 32. In effect, the plaintiff alleges that he has not been permitted to advance to a higher level because of his race. This higher level would involve simply more responsibility for the production of goods manufactured by MSI and, presumably, increased pay and benefits. Such allegations involve "garden-variety" promotions and are not akin to the promotion from associate to partner in a law firm setting. Therefore, the portions of the complaint seeking injunctive relief are dismissed as well.

### IV.

For the reasons stated above, the defendants' motion for summary judgment is granted and the complaint is dismissed with prejudice.